## HUBER vs. ZIMMERMAN.

1. Authority to an agent "to settle" does not authorize him to submit to arbitration the matters in dispute.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. L. GIBBONS.

PERCY WALKER, for plaintiff in error:

1. No formal submission, whether written or verbal, is necessary. Matters may be referred to arbitration in any manner that expresses the agreement of the parties to be bound by the award. Russell on Arbitration, 92 ; 9 Ala. 755 ; 1 ib. 278. In this case, the letter of the defendant to his son contained ample authority to him to refer the matters in controversy to arbitration. 8 Barn. & Cress. 16.

2. The case of Scarborough v. Reynolds, 12 Ala. 252, is not adverse to this construction of the letter. In that case, it was evident that a *law suit* was in contemplation by the principal, in the event that the agent was not able to effect a settlement in person. Smith v. McGehee, 14 Ala. 404, only affirms the general principle that parol evidence cannot be given of the contents of an award.

GEO. N. STEWART, *contra*, cited and relied on Scarborough v. Reynolds, 12 Ala. 252, and Smith v. McGehee, 14 ib. 404.

CHILTON, J.—This was an action commenced by attachment at the suit of the plaintiff in error against the defendant, to recover the sum of $725$\frac{81}{100}$, that being the sum alleged to have been awarded the plaintiff by certain persons chosen by the parties to arbitrate the matters of difference between them in respect to their mutual accounts.

It appears from a bill of exceptions signed upon the trial, that the defendant, residing in the city of Philadelphia, and being unable, as he supposed, to effect a settlement with the plaintiff, who resided at Mobile, sent his son to Mobile in order to settle the matter of indebtedness between them. The authority to the son was contained in the following extract

from a letter written to the plaintiff: "You say that I have sent my son to settle with you, and that he knows nothing of the affairs; but he can settle with you as well as I or any other man who knows how to count. If you will do what is right, and have your affairs so plainly written down and entered into the book as I have done mine, then it is easy to settle. I do not keep my business in my head, but in my book. I would not have sent my son, if you had done what was right, or were a man of your word."

Under this authority, the son submitted the matters of account to arbitration by an agreement with the plaintiff, and the arbitrators having found his father debtor to the amount sued for, he (the son) expressed himself satisfied with the award.

The court ruled, that the letter above referred to, gave to the son no authority to submit the accounts of his father to arbitration, and that the award, although consented to by him, was not binding on the principal.

This, it is here insisted, was erroneous.

In Scarborough v. Reynolds, 12 Ala. 252, this court held, that an authority given to an agent in these words: "If you can honorably and fairly settle with Reynolds for me, out of court, do so; if not, let the court and jury settle," did not authorize the agent to make a reference to arbitrators, although the agent was further empowered to exercise a reasonable discretion, and to submit to reasonable sacrifice in order to effect a settlement.

The authority conferred upon the agent to make settlement, &c., was a personal trust, given, it may be, solely in view of the agent's capacity for its performance. The law is well settled, that in such case, unless an authority is expressly given to substitute, the agent has no power to put another in his place and stead. Story on Agency, 14 § 13. Some exceptions, or rather qualifications, in the application of this general rule, have sometimes been allowed in cases where, from the language used, or from a fair presumption growing out of the nature of the business to be transacted, or the usage of trade, it appears that a broader power was intended to be conferred on the agent.

But it is needless to pursue this subject. The case first
32

cited, of Scarborough v. Reynolds, in our opinion, goes far beyond this as to the general scope of the power conferred, and is decisive of the question involved in this adverse to the plaintiff in error. The authority cited from 8 Barn. & Cress. 16, does not militate against the view here taken; for the power of substitution was there given.

Let the judgment be affirmed.