RUFUS HAYWOOD *et al.*, Plaintiffs in Error, *v.* ISAAC D. HARMON *et al.*, Defendants in Error.

ERROR TO COOK.

Where two are sued as copartners, and the general issue is filed, not sworn to, it is not error to exclude evidence tending to prove they were not partners.

Separate signatures to a submission to arbitration does not change the relation of copartners.

Whether an award is made within a reasonable time, within the intention of the parties, is a question for the jury.

Notice to one of several copartners, where they have signed a submission separately, is sufficient.

A substantial statement of an award in a declaration in assumpsit, showing the obligation to pay money, is sufficient.

All reasonable intendments will be indulged in support of an award, where no fraud, corruption or unfairness is shown.

THE declaration was as follows :

That on the 28th of April, 1854, differences arose and depended between plaintiffs, defendants and John P. Chapin, touching a certain contract for sale of 30,000 bushels of corn, by Harmon & Huntoon to Haywood & Giroux, made about 27th August, 1853, and guaranteed by said Chapin. To put an end to the same, the plaintiffs, defendants and Chapin, on the 28th April, 1854, submitted themselves to the award of George Steele, J. L. Lyon and H. H. Carpenter, arbitrators chosen by them—mutual promises to submit to award. On the 12th October, 1854, said George Steele, J. L. Lyon and H. H. Carpenter made an award, and thereby awarded " that Haywood & Giroux should pay to the said Harmon & Huntoon $3,425.91 in full satisfaction and discharge of said matter in difference." That H. & G. had been requested to pay and had refused.

That whereas the said H. & G., on October 12th, 1854, were indebted to plaintiffs in $4,000 upon a certain award made by George Steele, J. L. Lyon and H. H. Carpenter, by virtue of a certain submission before then made by plaintiffs, defendants and Chapin, whereby they agreed to submit to arbitration of three persons—one to be chosen by Harmon and Chapin, one by Giroux or Haywood, and the other by the persons so selected— *all* differences arising or growing out of a certain contract for the sale of 30,000 bushels corn, as therein stated, made in August, 1853 ; whereupon the said George Steele, J. L. Lyon and H. H. Carpenter, were duly chosen arbitrators under said submission, by and with the consent and approbation of defendants, plaintiffs and Chapin, and upon and by virtue of said reference and submission, the said George Steele, J. L. Lyon and H. H. Carpenter had then and there awarded that the said H. & G. should pay a certain sum of money, to wit : $3,425.91 to H. & H., and being so indebted, H. & G. promised to pay the same when requested.

Common counts for money lent, money had and received, and on account stated, and general breach.

Plea by Haywood at the October term, 1855.

General issue, containing a denial " that he was a partner or or jointly with said Giroux, undertook and promised in manner and form as the plaintiffs have above thereof declared against him—of this he puts himself upon the country, etc.

Issue joined at same term.

Haywood moved to continue cause, because a copy of the instrument in writing declared on had not been filed with the clerk ten days before term.

Court, on motion of defendant, Haywood, ordered the plaintiffs below to file a copy of submission and award, which was done.

The defendant then requested the court to instruct the jury, in writing, as follows :

1st. Unless the jury shall believe, from the evidence in the cause, that the arbitrators mentioned in the award were selected by the persons, and in the manner, and within the time required by the submission, they will find for the defendant.

Given by the court.

2nd. That the selection of the arbitrators and making the arbitration, was by the submission to be made within a reasonable time, and unless there is proof before the jury to show that the said Haywood agreed to extend the time for making the award, or was present and submitted to their award, then the award is not made within a reasonable time, and they should find for the defendants.

Which the court refused to give, and the defendants excepted.

3rd. That to entitle the plaintiffs to recover, proof must be given that the defendant, Haywood, had notice of the time and place of, or attended upon the arbitrators at the making of it—and the jury are not at liberty to presume this, if there is no proof on the subject.

Which the court refused to give, as written, but amended the same by adding as follows: " but if the jury shall find that the defendants were partners at the time the submission and award was made, then it will be sufficient to charge Haywood under this instruction, if the proof shows that the defendant, Giroux, had notice of the time and place, or attended before the arbitrators."

To the giving of which, as amended, and refusing it as originally written, the said defendants excepted.

The jury brought in a verdict for plaintiffs below for $3,674.28, and defendants moved for a new trial.

The cause was tried before Manierre, Judge, and a jury, at November term, 1855, of Cook Circuit Court.

Farnsworth and Burgess, for Plaintiffs in Error.

C. B. Hosmer, for Defendants in Error.

Scates, C. J. We are unable to discover, in the copies of the award and account sued on, any such defect or variance as would have entitled plaintiff, Haywood, to a continuance, either before or after plea, or such as would exclude the original from being read in evidence on the grounds of variance. Giroux, in moving to vacate his default, addressed himself to the sound discretion of the court, without presenting any facts or other

grounds than the same want of true copies, and a copy of the submission. In all these reasons we discover nothing to question the correctness of a refusal. And the same remark will apply to the refusal of leave to Haywood to withdraw his plea of the general issue, with a view to plead over.

Haywood and Giroux are sued and declared against as partners. The general issue, unsworn to by one or both, does not put the fact of partnership in issue, and the court did not err in excluding evidence to disprove the partnership. *Stevenson et al.* v. *Farnsworth et al.*, 2 Gil. R. 716; *Warren* v. *Chambers et al.*, 12 Ill. R. 124. Plaintiffs, therefore, stand, by the issue, as admitted partners before the court in the corn transaction, out of which this submission and arbitrament arose; and their several separate signatures to the submission, which is proven, does not change that relation in adjusting a settlement of this transaction. 1 Pet. R. 229. The submission stipulated that the one or the other might appoint the arbitrator. This was done by Giroux, who also attended before the arbitrators, investigated the dispute, without objection as to the lapse of time, or to the making of an award. Nor should the court, for them, as asked to instruct, say to the jury that the power conferred by the submission was revoked by lapse of time, and the award a nullity. A reasonable time within the true intent of the parties, under such circumstances, is a question to be left to the jury, under the instruction of the court. The instructions asked, took the whole question from the jury and assumed that the submission was void—a violent assumption in the face of the mutual investigation of the parties, without a word of objection for any cause whatever. While one partner may not bind his copartner by a submission to arbitration, (*Karthaus* v. *Ferrer et al.*, 1 Pet. R. 229,) yet when both have separately signed the submission, as here—referring a partnership matter to arbitrament—notice to, or the attendance of, one will be good for the firm; and to this part of the proceedings of the arbitration we think the objections without foundation in law.

The defendants here set forth the award, substantially, in their declaration, showing the obligation of defendants below to pay the money, upon which the law would raise an implied promise; and this we deem sufficient in assumpsit upon such an award as this. It is so in debt, (note 5 to *Hodsden* v. *Harridge*, 2 Saund. R. 62a, 62b,) and we perceive no reason for a distinction, in the form of action, where suit is brought on the award.

The objection appears to be predicated upon the idea that the award requires acts to be done in the nature of a precedent condition, or of mutual and dependent conditions, which must be

averred to be performed, or a readiness to perform, on defendants' part, to sustain an action—according to the doctrine and distinctions on that subject laid down in the decisions. See *Pordage* v. *Cole*, 1 Saund. R. 319 *i* and note 4, 320 *a b c d e*.

But this award presents no such precedent, or concurrent and dependent conditions, or acts to be performed by defendants. The rights and obligations of the parties are to be ascertained from the true intent and meaning of the arbitrators as expressed in the award, (*Hery* v. *Brown*, 12 Wend. R. 592,) acting within the powers conferred in the submission—having given all parties due notice. *Elmendorf* v. *Harris*, 23 Wend. R. 630.

We cannot pass upon the merits of the controversy presented before the arbitrators, even if allowed by settled rules to do so—not having the evidence before us; but we can see that the award is within the submission. And we understand the arbitrators to have settled and awarded that plaintiffs should take the corn, as it was then delivered and in store, (more or less, we cannot tell, having no proofs before us,) in fulfillment of the contract—first paying to plaintiffs the balance found due, and to the warehouseman in possession of it all charges for storage. No act is left for, or required of, defendants. The award finds, as we understand the arbitrators, that defendants had performed their contract of sale by a delivery of the corn for every purpose, except a lien for the purchase money, and which is still preserved by them, to defendants in the award as well as to warehousemen, by requiring both to be paid before the plaintiffs can rightfully take the corn away. This is consistent with the principles of law, and in the absence of any proof to the contrary, we presume with the facts and justice of the case.

It is objected that the award does not show the place and quantity of corn, nor the amount of charges due and payable for storage, &c. Nor need it show either. We presume that the arbitrators had such proof as satisfied them of the delivery of so much in quantity as made the sum awarded; and that it was so delivered and preserved as to charge plaintiffs with it, as it then was proven to be, or might be, in store. The amount and legality of warehouse charges or storage, was not before them for adjustment. They could, therefore, and did, only award the liability for their payment to plaintiffs. They may find out the amount by application to those entitled to receive them; and will be entitled to the delivery of the corn by them, discharged of all lien for such charges upon payment of what is legally due and chargeable.

All reasonable intendments will be indulged in support of an award, where no fraud, corruption, unfairness, &c., is shown. 1 Pet. R. 222; *Butler* v. *Mayor N. York*, 6 Hill R. 489; *Joy*

31

v. *Simpson*, 2 N. Hamp. R. 181 ; *Spear* v. *Hooper*, 22 Pick. R. 144 ; *Rixford et al.* v. *Nye et al.*, 20 Vermt. R. 132 ; *Gerrish* v. *Ayres*, 3 Scam. R. 245 ; *Merritt* v. *Merritt*, 11 Ill. R. 567 ; *McDonald* v. *Arnout*, 14 Ill. R. 62.

*Judgment affirmed.*