JACOB TROUT, Plaintiff in Error, *v.* WESTLEY B. EMMONS, Defendant in Error.

ERROR TO WABASH.

A general agent cannot submit matters of his principal to arbitration, without special authority in that behalf.

If no replication is filed to an answer in chancery, it must be taken as true.

A sworn answer must be overcome by two witnesses, or other equivalent testimony.

THIS was a bill in chancery, filed by defendant in error against plaintiff in error.

The bill alleges, that in 1850, the defendant in error rented of one J. G. Bowman, as agent of plaintiff in error, a farm belonging to plaintiff, and continued in the occupancy of said farm for several years, paying rent therefor to said agent. That defendant and said agent differed about the rent of 1854, which is known as the dry year. That notwithstanding said disagreement, the defendant continued to occupy said farm and pay rent until 1857. That on the 2nd day of February, 1857, the plaintiff commenced suit against defendant for rent of 1854.

That the defendant and the plaintiff, by his agent aforesaid, entered into an agreement to submit the difference of the rent of 1854 to arbitration, upon the following terms, to wit: the plaintiff by his agent to select one person, the defendant another, and these two to select a third person. That said arbitrators so chosen were to be duly sworn to decide according to the right and justice of the case. That said referees were to meet in Russellville on a day named, and on said day defendant should deliver to plaintiff's agent the rent of the year 1857.

That the plaintiff and defendant, as also the arbitrators chosen, did meet on the day designated, and the matters in difference were submitted; and that the arbitration decided that the defendant was not indebted to the plaintiff, and that the evidence showed that the rent of 1854 was fully paid.

That a special term of the Wabash Circuit Court was held in June, 1860, of which defendant knew nothing; at which term plaintiff recovered judgment against defendant for $374, which remains in full force and unpaid.

That at the term of rendition of said judgment, defendant owed plaintiff nothing. That defendant prepared to defend said suit, and at September term, 1860, he appeared, prepared to prove a legal and substantial defense, when he learned for the first time of the special term and of the judgment aforesaid. Prays injunction against plaintiff, his agent, clerk, and sheriff. That on submission of said matters in suit as aforesaid, parties gave no bonds; that the plaintiff is a non-resident, and defendant without remedy except by injunction.

The answer of plaintiff Trout admits that defendant did rent said farm of plaintiff, as alleged. That J. G. Bowman did act as agent of plaintiff, to lease said farm and collect rent. That defendant and said agent did differ about the rent for the year 1854. That defendant refused to pay the amount he had agreed to pay, because he had not made a good crop; and that the said rent for 1854 still remains unpaid, to the amount of said judgment recovered against defendant as aforesaid. That he knows nothing of the alleged arbitration, never before heard of said pretended arbitration. That if

had, it was without the knowledge and consent of said plaintiff, and without his authority to his agent to submit the same or any other matter to arbitration. That plaintiff directed his agent to bring suit for the rent of 1854, but in no manner authorized the said agent to submit the matter to arbitration.

Plaintiff in error filed his answer, and moved to dissolve injunction.

There was a decree, making injunction perpetual, and ordering defendant to pay costs.

The errors assigned are, that the court erred in refusing to dissolve the injunction, and in rendering decree to make injunction perpetual.

E. BEECHER, for Plaintiff in Error.

The first position relied on by plaintiff in error is, that the court erred in overruling the motion to dissolve the injunction. On the coming in of an answer, the defendant may move to dissolve an injunction, (Cooke's Statutes, 148); and if no replication is filed, the answer is taken as true, whether responsive to the bill or not, and the injunction must be dissolved. *De Wolf et al.* v. *Long*, 2 Gilm. 679; *Manchester* v. *Dey*, 6 Paige Ch. R. 295; *Wooden* v. *Wooden*, 2 Green's Ch. R. 434; *Hoffman* v. *Livingston*, 1 J. Ch. R. 211.

But on the final hearing, the decree ought to have been for defendant below; for Bowman, throughout complainant's bill, is treated, and is so expressly charged, as the agent of defendant below, Trout.

An agent must have express or special authority to submit a matter to arbitration. 2 Chitty's Pr. 77; Paley on Agency, 291, (side paging); Story on Agency, secs. 98, 99; *Lagow et al.* v. *Patterson*, 1 Blackf. 252; *Bacon* v. *Duberry*, 1 Lord Raym. 246; 9 U. S. Dig., p. 36, sec. 12; Billing on Awards, 42, (26 Law Library).

Even if he were treated as attorney, he could not bind his principal except by a rule at *nisi prius*. Billing on Awards, 42.

The answer of Trout not having been replied to, should have been taken as true, and no evidence is admissible to

question it. Cooke's Statutes, p. 142, sec. 32; *De Wolf et al.*
v. *Long,* 2 Gilm. 679; *Errisman* v. *Errisman,* 25 Ill. 136.
In the last case cited, evidence was heard in support of the
bill without objection, and this court said it was improperly
received, and for errors committed in relation to such evidence
they would not interfere.

But if a replication had been filed, still the decree was erro-
neous; for Trout swears positively that he never gave his
agent any authority to submit to arbitration, and such arbi-
tration was wholly without his knowledge or consent. There
is but one witness whose testimony conflicts, and that not
directly, with this answer. In such cases the rule is invaria-
ble—the answer must prevail.

J. BAKER, for Defendant in Error. *

WALKER, J. This record presents the question, whether a
general agent may submit matters of his principal in dispute
to arbitration, in the absence of special authority for that
purpose. The trial was had on the bill, answer and deposi-
tions. No replication was filed to the answer, and it must be
taken as true. It denies the authority of the agent of plain-
tiff in error to submit the matter in dispute to arbitration, and
the evidence only shows a general authority in the agent to
receive the rents. A general agent has no authority to bind
his principal to a submission to arbitration. To be binding,
such a reference can only be made under a special authority.
*Bacon* v. *Duberry,* 1 Lord Raym. 246; Watson on Awards,
50; *Scarborough* v. *Reynolds,* 12 Ala. 252. The evidence
failing to show a special authority to refer the matter in dis-
pute, and the authority being denied, the court below erred
in enjoining the judgment.

The evidence of Bible is, that in a conversation between
the parties, he heard plaintiff in error say he would leave the
matter with Bowman, and any settlement which he should
make would be satisfactory to him. This manifestly author-
ized Bowman to act as agent in making a settlement, and any
adjustment he might have made would have bound plaintiff

in error. But from this statement, it is impossible to infer a special authority to submit the matter to arbitration. It only authorized him to act in person, and not to call upon others, to make an adjustment. But if this were not so, plaintiff in error filed his sworn answer, and it must be taken as true, unless overcome by the evidence of two witnesses or its equivalent. Here there was the evidence of but one, which was not properly receivable to contradict the answer, to which no replication was filed.

The decree of the court below is reversed, and bill dismissed.

*Decree reversed.*