## TAUNTON & BROOKS *vs.* McINNISH.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN.]

1. *Original and amended bill; form but one bill.*—In chancery, the bill and amended bill make but one suit. And when the original bill waives the answer on oath, and the amended bill requires that the answer to it shall be on oath, and the only answer filed is the answer to the amended bill, and the cause is heard on the bill and answer, the answer is only to be taken as true so far as it is responsive to the amended bill.

2. *Same.*—In such a case, if the answer admits the material allegations of the original bill and sets up new matter in defense to the original bill, by way of cross-bill, which is denied by the answer to the cross-bill, and the cross-bill is demurred to and is without equity, the chancellor may decree the relief asked by original bill without testimony to support it, so far as it is admitted.

3. *Cross-bill without equity; allegations of, effect of.*—An answer to an amended bill may be turned into a cross-bill, but if the cross-bill thus made is without equity, the allegations of the cross-bill will not be permitted to serve the purposes of an answer and cross-bill, so as to overturn the allegations of the original bill by the new matter contained in it, which is inconsistent with the allegations of the original bill and the amended bill so far as they are repeated in the amended bill.

4. *Cross-bill; without equity when allegations of could be made fully available as matters of defense by proper answer.*—A cross-bill is an auxiliary suit dependent on the original bill. And if the matters of such cross-bill are set up in the answer in the nature of a cross-bill, and it turns out that such matters are merely a defense available under the answer, or are sought by way of discovery, and that no decree need be made on the cross-bill for the defendant's relief, which could not be made on the original bill without cross-bill, such cross-bill will be dismissed for want of equity.

5. *Register, report of; objection to, when can not be raised for first time in this court.*—If the report of the register is permitted to be confirmed in the court below, without objection or exception, it can not be attacked in this court for the first time, when it is regular on its face.

6. *Promissory note for dollars; when will be treated as an obligation to pay lawful dollars of the United States.*—A promissory note given to secure the purchase-money for land, in these words, "Due Nevin McInnish, or bearer, four hundred and eighty dollars, for value received, with interest from date. This Jan. 28, 1865. (Signed,) M. V. B. Taunton," which is sought to be defended in an answer in chancery in the nature of a cross-bill, because the same was alleged to have been made under an agreement to be discharged by a payment in Confederate treasury

notes, will be treated as an obligation to pay the sum mentioned therein in lawful money, if the allegations of the cross-bill in reference to the medium of payment of such note are denied by the answer to such cross-bill, and the same are not supported by proof.

APPEAL from Chancery Court of Elmore.
Tried before Hon. W. B. WOODS.

The facts in this case are fully set out in the opinion of the court.

FITZPATRICK & WILLIAMSON, for appellants.—1. The answer being on oath must prevail, where it denies the allegations of the bill. The agreement to pay the note in Confederate money is responsive to the bill, and it is a denial of the liability to pay in legal tender money.—Story Eq. Pl. § 849a; Dan. Ch. Pr. (edition 1865,) p. 840 and notes; *Camp v. Simon*, 34 Ala. 126; *Buford v. Tucker*, January term, 1870.

2. The record shows that there was no order of reference, yet the decree is based on the register's report, and the defendant had no notice of the time and place of taking the account. This was altogether too irregular.—Revised Code, § 3386; Rule 89, Chan. Pr.; Revised Code, p. 835; *Weathers v. Spear*, 27 Ala. 455.

(No counsel appeared for the appellee, and no brief is furnished the Reporter.)

PETERS, J.—This is a bill in equity to enforce the vendor's lien for the purchase-money for a tract of land. It was filed in the first instance by Nevin McInnish and Duncan H. McInnish as complainants, against the appellants, Taunton & Brooks, as defendants. The original bill required the answer of the defendants without oath. The defendants did not answer, but demurred for a misjoinder of complainants. The demurrer was sustained, and the bill was amended by striking out the name of Nevin McInnish and accommodating the phraseology of the allegations to a sole complainant, said Duncan H. McIn-

nish. The amended bill required the defendant's answer on oath, and it contained the identical allegations of the original bill, except the alterations abovesaid. The defendants only answered the amended bill and took no notice of the original bill. The answer admits all the material allegations of the original and amended bills as the same are stated in these pleadings, but explains and alleges by way of further answer, that the consideration for which the land was sold was a *bay mare*, which was delivered at the time of the sale, and promissory note for $480, which was to be paid in Confederate treasury notes or their equivalent in value, when the note fell due. The note is a due bill and bears date January 28, 1865, which was the date of the sale of the lands, mentioned in the original bill, by Nevin McInnish to Taunton. This answer is made under oath and prayed to be taken and " considered in the nature of a cross-bill, and heard at the same time as the amended bill." And the complainant is required to answer the same "not under oath." The complainant, Duncan H. McInnish, answered the cross-bill thus filed against him, and denied allegations of the cross-bill, upon which its equity was supposed to rest, and demurred to the cross-bill for want of equity. This demurrer is not noticed in the chancellor's decree. The prayer of the cross-bill is that the " chancellor grant to respondents such relief and render such decree as the equity and justice of the case may require." There was no testimony taken in the cause on either side, and the cause was heard for " final decree on the bill and answer." But before the final hearing there was a report of the master taken " in pursuance of a decretal order of the court" made in the cause, by which it appeared " that there was due the complainant on account of the unpaid purchase-money on the land in the bill mentioned, the sum of five hundred and forty-seven 46-100 dollars." This report was confirmed without exceptions. The decree of the court is that said land mentioned in the bill, which are mentioned also in the decree, " stand charged with the payment of said sum, and that a lien upon said lands for the payment of the said sum is

hereby declared." The register is then directed to sell said land without delay for the payment of said sum in cash, and to make title to the purchasers, and out of the proceeds to pay the costs and discharge the sum due the complainant, and the overplus, if any, to bring into court at the next term. "And it was further ordered that all the rights of the parties in this cause in respect to said lands, or any portion thereof, shall be forever divested by this decree and sale ordered to be made, and that the purchaser be let into the possession of the lands purchased by him or them." There is no notice taken in the decree of the answer as a cross-bill. From this decree, the defendants in the court below appeal to this court. And here the appellants assign as error the confirmation of the master's report, the·order to the register to make title to the purchaser on the sale of said lands by him under said decree, and the decree of the chancellor.

The original and amended bill form but one pleading and but one suit. After the amendment is allowed, they stand and are to be treated as a whole, particularly when their statements are the same as to the material allegations in the cause.— *Winter v. Quarles, adm'r,* 43 Ala. 692 ; Story Eq. Pl. § 885 ; 1 Dan'l Ch. Pr. 455, Perkins Ed. A cross-bill may be made in an answer to an original or amended bill.—Rev. Code, § 3367, 3368, 3369. And an answer so made must be governed by the rules which govern a cross-bill. It must be served on the complainant and answered by him or taken, upon failure of answer, as confessed. And, if answered, the answer has the same force as an answer to a cross-bill. If the answer denies the allegations of the cross-bill, the denials must be overturned by proof as in an original suit. The cross-bill is to be treated as an auxiliary suit depending upon the original suit.—3 Dan. Ch. Pr. 1742, Perk. Ed.; Story Eq. P. § 399 ; *Nelson & Hatch v. Dunn et al.,* 15 Ala. 501, 513. A bill of this kind is usually brought to obtain a necessary discovery of facts in aid of the defense to the original bill, or to obtain full relief to all parties, touching the matters of the original bill, and to afford the chancellor opportunity to decree in favor

of a defendant, where his equities entitle him to something more than a dismissal from the court without relief, beyond the payment of his costs.—Story Eq. Pl. § 389, 390, 391. So if it appears that the relief sought in such a bill could be had on an answer to the original bill, properly framed, or by examination of the parties as witnesses in the cause, then a cross-bill for these purposes should not be entertained. Such a cross-bill is vicious for want of equity. Here the case made by the cross-bill was, that the note for the purchase-money of the land, subject to the vendor's lien, was to be discharged by a payment in Confederate treasury notes, and was consequently subject to be scaled. This was *pro tanto* a defense to the note, and could have been interposed by a properly framed answer.—*Alston v. Alston*, 34 Ala. 15, 16, 29 ; Rev. Code, § 3349. And a bill for discovery in such a case is unnecessary, because the parties on both sides may testify for themselves or be examined as witnesses.—Rev. Code, § 2732, 2704. Then the cross-bill in this case was vicious, and should have been overturned by the demurrer. This leaves the case to stand upon the bill and answer. The answer, stripped of the matter of the cross-bill, does not contradict the bill. And, although it is to be taken as true, so far as it may be considered as an answer to the amended bill, it does not, in this aspect of its allegations, deny the allegations of that bill. But this is only where it has been required to be made under oath.—Rev. Code, § 3452. Here the answer to the original bill was not required to be made under oath, and the amendment only reduced the complainants to Duncan H. McInnish, and set up the title to the note for the purchase-money in him alone, and notice of his equity to Brooks, the purchaser from Taunton. These facts are not denied in the answer. The answer in such a case could not overturn the allegations of the original bill. Then the chancellor's decree was not erroneous, because the allegations of the original bill are not denied by a sworn answer, made on the demand of the complainant. Such an answer must be supported by proof to give it the force required to overturn the bill.

The error founded upon the confirmation of the master's report, is not well taken. The objection should have been made in the court below. It can not be raised here for the first time.—21 Ala. 433. Beside, there was no need for a reference to the master to state an account in this case. The ascertainment of the sum due was a mere matter of a calculation of interest. This the chancellor could do without a reference.

Let the judgment of the court below be affirmed, and the appellants will pay the costs of this appeal in this court and in the court below.