MANUFACTURERS & BUILDERS FIRE INSURANCE COMPANY OF NEW YORK V. HELEN M. MULLEN.

FILED MAY 20, 1896. No. 6566.

1. Principal and Agent: EVIDENCE OF AGENCY. Authority to sign an agreement to arbitrate cannot be inferred from acts as special agent having no reference to such arbitration or the subject-matter therein contemplated.

2. Arbitration: CONSTRUCTION OF AGREEMENT: EVIDENCE. An agreement to submit a matter of difference to two arbitrators, by whom an umpire was to be chosen to act only upon matters of difference between the arbitrators, did not authorize one arbitrator and such umpire, without a showing of difference between the arbitrators, to return an award conclusive upon the parties concerned.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

*Bartlett, Baldrige & De Bord,* for plaintiff in error.

*Mahoney, Minahan & Smyth, contra.*

RYAN, C.

In this action there was a judgment in the district court of Douglas county upon a verdict in favor of the defendant in error in the sum of $1,715.19 on account of defendant in error's total loss by fire of a building insured by plaintiff in error.  The only error argued is that a so-called award of $1,261.04, pleaded by answer, was not admitted in evidence.  The agreement to arbitrate was in writing and the name of the defendant in error was thereto signed as follows: "Helen M. Mullen, by John S. Mullen, Atty. in Fact."  There was evidence submitted of certain acts performed by John S. Mullen as agent for his wife, Helen M. Mullen, such as collecting rent, etc.  There was no direct evidence that he had authority to bind her by an agreement with reference to an arbitrament of any matter in which she had an interest, but this authority it was sought to imply merely from the collection of rent and like acts performed in her behalf. Under these conditions there was no such showing as would have bound the defendant in error even had the award been regularly made by the arbitrators named. (*Scarborough v. Reynolds,* 12 Ala., 252; *Huber v. Zimmerman,* 21 Ala., 488; *Michigan C. R. Co. v. Gougar,* 55 Ill., 503; *Trout v. Emmons,* 29 Ill., 433; *McPherson v. Cox,* 86 N. Y., 472; *Lowenstein v. McIntosh,* 37 Barb. [N. Y.], 251.)

Another objection to the award is that by the agreement therefor two arbitrators were named whose award should be binding, but it was provided that these two arbitrators, before entering upon the duties assigned to them, should choose an umpire to act only upon matters

of difference. The award was signed by this umpire and only one arbitrator, without any showing of difference between the two arbitrators named. If there was no other objection to this award this consideration was sufficient to render it invalid. The judgment of the district court is

AFFIRMED.