CHARLES A. MACDONALD *et al.*

*v.*

EDWARD L. BOND.

*Opinion filed February 21, 1902.*

1. ARBITRATION—*recovery on award for payment of money may be had on common counts.* If an award is merely for the payment of money, assumpsit will lie, and the count on an account stated is sufficient; nor, under our practice, does the fact the submission to arbitration was by deed, instead of by parol, change the rule.

2. SAME—*effect where award provides for exchange of releases.* The fact that an award for the payment of money contains a separate provision for an exchange of releases does not affect the right to sue thereon under the common counts.

3. SAME—*general agent must have special authority to bind principal by arbitration.* A general agent cannot bind his principal to a submission to arbitration in the absence of special authority.

4. SAME—*agent submitting to arbitration without authority is personally bound.* If one signs a submission to arbitration as agent without disclosing the name of his principal, the principal being unknown to the other party, such agent is personally bound by the submission.

5. SAME—*award must stand unless impeached by the evidence.* While it is the rule that parties to an arbitration are entitled to notice of the hearing and to be present at the same, yet it is not necessary that the award itself shall show such notice or presence, and the award must stand unless impeached by the evidence.

*Macdonald* v. *Bond*, 96 Ill. App. 116, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. S. L. DWIGHT, Judge, presiding.

C. E. KREMER, and C. W. GREENFIELD, for appellants.

REMY & MANN, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is a suit in assumpsit by appellee, against appellants, begun in the circuit court of Cook county. The declaration is the common counts. The cause of action

is an award claimed to have been made between the parties by one Arthur W. Smith. The plea was non-assumpsit. By agreement of the parties both matters of law and fact were submitted to the court without the intervention of a jury. The judgment was for the plaintiff for $2112.80,—the amount found due the plaintiff by the award, with legal interest thereon. The defendants appealed to the Appellate Court for the First District, where the judgment of the circuit court was affirmed. The correctness of that judgment of affirmance is challenged upon this appeal.

The agreement to arbitrate is as follows:

"Whereas, controversies exist and have existed between the firm of C. A. Macdonald & Co., general agents, of Chicago, State of Illinois, and Edward L. Bond, of Montreal, Canada, in relation to divers subjects, accounts, debits and credits resulting from marine insurance transaction had between them:

"Now, therefore, we, the said firm of C. A. Macdonald & Co., and Edward L. Bond, do hereby mutually covenant and agree to and with each other, to submit all and all manner of actions, cause and causes of action, accounts, suits, controversies, claims and demands whatsoever, now pending, existing or held by and between us, to Arthur W. Smith, of 62 Wall street, in the city and State of New York, as arbitrator, who shall arbitrate, award, adjust, settle, order, judge and finally determine concerning the same, with power to award the payment of the costs and expenses incurred in such arbitration; and we do hereby mutually covenant and agree that the said arbitrator shall charge and collect an adequate and equitable sum of money for his services as arbitrator herein, and shall determine in his award herein which of us, the parties hereto, shall pay the same. Further, we hereby authorize the said arbitrator to employ such counsel or legal assistance as he may deem necessary to assist him in deciding any and all questions submitted to

him by virtue hereof, and to apportion and charge the cost thereof between us or to either one of us. And we do mutually covenant and agree to and with each other that the award to be made by said arbitrator, including compensation to himself and his counsel, if counsel be by him deemed necessary, shall in all things and in every respect by us and each of us, and by the executors and administrators and assigns of us and all of us, be well and faithfully kept, observed and performed: *Provided, however,* that such award be made in writing under the hand of the arbitrator, ready to be delivered to us or either of us on or before the 31st day of July, 1898.

"In witness whereof we have hereunto set our hands and seals this 20th day of June, 1898."

It was signed "C. A. Macdonald & Co., seal; Edward L. Bond, seal." The firm of Charles A. Macdonald & Co. was at the time composed of Charles A. Macdonald and James J. Rardon. They were the general agents of the Reliance Marine Insurance Company of England, and also of other marine insurance companies, having their office in Chicago. Edward L. Bond was the local agent of the same company, and perhaps others, having his office and residence in Montreal, Canada.

There was a conflict in the testimony as to whether or not the matters submitted to arbitration related solely to the business of the Reliance Marine Insurance Company. A power of attorney was given by the Reliance Marine Insurance Company to Thomas G. Crosby and Charles A. Macdonald in February, 1890, which provided, among other things: "And the said company do hereby authorize said attorney and attorneys to settle and adjust, pay and discharge, all claims for losses arising from any policies of insurance effected for and on behalf of the said company which have been or shall be made payable in Chicago, aforesaid, and when and so often as they shall think fit to submit all or any disputed claims for arbitration, and to enter into any agreement or bond for

that purpose, and to submit to and abide by the award to be made in pursuance thereof." Charles A. Macdonald & Co. are the successors of Crosby & Macdonald.

The arbitrator, after the execution of the articles of submission, first examined the books, accounts and papers pertaining to the controversy of the plaintiff, in his office at Montreal, and afterwards those of the defendants, in Chicago. The record is silent as to whether either of the parties was present at such examination or whether notice thereof was given to either of them. The arbitrator made the following award:

"Whereas, matters in controversy between the firm of C. A. Macdonald & Co., of Chicago, Illinois, and Edward L. Bond, of Montreal, Canada, were submitted by them to the undersigned, Arthur W. Smith, as arbitrator, as by their submission in writing bearing date the 20th day of June, 1898, more fully appears. Now, therefore, I, the arbitrator mentioned in said submission, having had proofs from the parties and having examined the matter in controversy by them submitted, and having found that the sum of $1926.60 is due and owing to the said Edward L. Bond from the said firm of C. A. Macdonald & Co. over and above all claims or demands due and owing the said firm of Macdonald & Co. from the said Edward L. Bond, do make this award in writing, that is to say: The said firm of C. A. Macdonald & Co. shall pay or cause to be paid to the said Edward L. Bond the sum of $1926.60 at the city of Montreal, Canada, within ten days from the date hereof, in full payment, discharge and satisfaction of and for all moneys, debts, demands and claims whatsoever due or owing from them, the said firm of C. A. Macdonald & Co., to the said Edward L. Bond at any time before the date of said submission. I further award that the sum of $592, being the expenses and charges incident to this arbitration, shall be paid by the said firm of C. A. Macdonald & Co. and said Edward L. Bond, the said firm of Macdonald & Co. paying $296 thereof and the said Bond

paying $296 thereof. And I further award that the said firm of C. A. Macdonald and the said Edward L. Bond shall, within ten days next ensuing date hereof, execute and deliver to each other, under seal, mutual and general releases of all actions, cause and causes of action, suits, controversies, claims and demands whatsoever for or by reason of any matter, cause or thing from the beginning of the world down to the date of said submission."

The parties were duly notified of the award, and the defendants requested by the arbitrator, at the instance of plaintiff below, to pay the same, which they refused to do, on the ground that they were not personally liable.

Three grounds of reversal are here urged, the same points having been made in the Appellate Court though in a somewhat different order: First, that the agreement to submission, and the award, offered in evidence, were not admissible under the common counts; second, that the agreement and award are not binding upon the defendants personally; third, that the award offered in evidence is not a valid award. The first of these propositions, which was the third in that court, is disposed of in the opinion of the Appellate Court, as follows:

"The contention is that the recovery could not be had under the common counts. It is true that anciently debt, and not assumpsit, would lie at the common law to recover upon an award; but in the later common law practice there was departure from this rule, and the action of assumpsit came to be recognized as proper in a suit upon an award. (*Freeman* v. *Bernard,* 1 Ld. Raym. 247; *Purslow* v. *Bailey,* 2 id. 1039.) It is now established that when the award is merely of a sum of money to be paid, assumpsit will lie, and the count on an account stated is sufficient. (2 Tidd's Pr. 834; 1 Chitty's Pl. 359; Morse on Arbitration, 579; *Keene* v. *Batshore,* 1 Esp. 194; *Bates* v. *Curtis,* 21 Pick. 247.) Under our practice the fact that the submission was by deed, and not by parol, would not control.

"But it is contended that inasmuch as this award not only provided for a money payment but as well for the exchange of releases, the latter is to be regarded as a sort of condition precedent to be performed by appellee upon his part before recovery of the money awarded could be had, and therefore that a special count is necessary to set up such performance,—*i. e.*, the tender of the release by appellee. We think this contention can not be sustained. The mutual exchange of releases is a separate provision of the award, not so connected with the money payment as to make it a condition of the payment. The award of the money payment stands by itself, without any concurrent act to be done by the appellee. Therefore, the recovery of the money awarded could be had without any averment by appellee of a readiness to perform or a performance of any other act. (*Nichols* v. *Renssalaer Co.* 22 Wend. 125; *Dudley* v. *Thomas*, 23 Cal. 365.) The money payment having been adjudged, and there being nothing further to be done on the part of appellee to entitle him thereto, the recovery was properly allowed under the common counts.—*Illinois Mutual Fire Ins. Co.* v. *Archdeacon*, 82 Ill. 236, and cases therein cited."

The second contention,—that is, that the defendants are not personally liable,—is based upon the assumption that the articles of submission were executed by appellants as the general agents of the Reliance Marine Insurance Company, and therefore that company, and not C. A. Macdonald & Co., as a partnership, is liable upon the award. The position is untenable. In the first place, the insurance company is not named or in any way referred to in the articles of submission. The mutual covenant and agreement to and with each other to submit the manner of actions, etc., was by C. A. Macdonald & Co.,— not as agents,—and Edward L. Bond. The mere fact that the words "general agents" follow the firm name in the caption of the agreement and the signature thereto does not necessarily show that even appellants intended

to contract merely as agents. It is true, that if the contract clearly showed that it was made by them as agents they would not be personally liable if it clearly appeared that their principal, though not disclosed by the writing, was understood by the parties. Here, however, as we have seen, there is a conflict in the testimony as to whether the matters in dispute pertained exclusively to the business of the company which they now seek to charge as principal, and the finding of the circuit court and judgment of affirmance in the Appellate Court must be held to have settled that fact adversely to appellants.

But we think a still more conclusive reason for holding appellants personally liable upon the award is the want of power or authority in them to submit the matters in controversy between them and appellee to arbitration. The power of attorney mentioned in the foregoing statement of facts only authorized them to submit to arbitration claims for loss arising from any policies of insurance effected for and on behalf of the said company. By no reasonable construction can it be held to authorize the agents to submit any and all controversies arising in the insurance company's business generally. The proof fails to show that the matters submitted had any connection with losses arising on policies. "A general agent has no authority to bind his principal to a submission to arbitration. To be binding, such a reference can only be made under a special authority." (*Trout* v. *Emmons*, 29 Ill. 433, and authorities cited; *Michigan Central Railroad Co.* v. *Gougar*, 55 id. 503.) And it is well settled that where a person submits to an award for another without authority he is individually bound. (2 Am. & Eng. Ency. of Law,—2d ed.—623, and cases cited in note 3.) Therefore, even though the power given to Crosby & Macdonald should be held to authorize Macdonald to act individually, he could not do so beyond the power conferred. "In *Windsor* v. *Griggs*, 5 Cush. 210, it was held that where a person signs a submission to arbitration as agent, with-

out disclosing the name of his principal and without the name of the principal being known to the party, such agent was personally bound by the submission." (2 Am. & Eng. Ency. of Law,—2d ed.—623, note 3.)

The last ground of reversal urged,—that is, that the award is not a valid one,—rests upon the contention that it was not executed by appellants in their personal capacity, (which is sufficiently disposed of above,) and that no notice of the time and place of the hearing by the arbitrator was given to the parties. While the general rule is that parties to an arbitration are entitled to notice of the hearing and to be present at the same, it is not necessary that the award itself should show such notice or presence. "The award must stand unless there is something in the evidence calculated to impeach it." (*Merritt* v. *Merritt,* 11 Ill. 565.) As said in *Haywood* v. *Harmon,* 17 Ill. 477: "All reasonable intendments will be indulged in support of an award, where no fraud, corruption, unfairness, etc., is shown,"—citing authorities. (See, also, *Seaton* v. *Kendall,* 171 Ill. 410.) Moreover, we do not understand that the appellants objected upon the trial to the introduction of the award in evidence upon the ground that no notice had been given, nor did they, when called upon to perform the same, place their refusal upon want of notice or other irregularity in making the award.

It seems that Smith, the arbitrator, was also an agent of the Reliance Marine Insurance Company of England, and it is intimated in the argument that he was guilty of misconduct in his connection with the arbitration and the bringing of this suit. Both parties knew of his relation to the insurance company, and there is no evidence whatever of misconduct on his part.

We think the conclusion of the Appellate Court clearly warranted by the law and the facts in the case. Its judgment will accordingly be affirmed.

*Judgment affirmed.*