## I. Lurya Lumber Company, Defendant in Error v. Abraham Bernstein et al., Plaintiffs in Error.

### Gen. No. 16,387.

1. MECHANIC'S LIENS—*who not necessary party in action at law by subcontractor.* If one member of a partnership who are the contractors is eliminated by the action of the owner and the remaining members of such partnership, a subcontractor is not required to join the retired partner in an action at law to recover.

2. MECHANIC'S LIENS—*when notice of subcontractor sufficient.* Held, that the notice set forth in this opinion was a substantial compliance with the statute.

3. MECHANIC'S LIENS—*what notice of subcontractor need not recite.* The statute does not require that the notice of the subcontractor shall state that the material was delivered or when payment therefor would become due. Notice to one of two partners is notice to both. The notice may be signed without the seal of the corporation attached and must necessarily be signed by an agent where the subcontractor is a corporation.

Error to the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 13, 1912. Rehearing denied March 28, 1912.

BLUM & BLUM, for plaintiffs in error.

HARRY M. FISHER, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

The Municipal Court rendered judgment for defendant in error against Harry Stone and Max Hanoch and plaintiffs in error, Bernstein and Wolf, for $503.09, after finding that defendant in error had established its right to a lien upon Lots 22, 23 and 24, Block 1 of Baron's Subdivision of Brand's Addition to Chicago. Bernstein and Wolf filed a plea of non-joint liability with the contractors.

The facts are not contested and are, in substance,

that on July 11, 1908, Max Hanoch, Harry Stone and
Barnett Luntz entered into a written agreement with
Bernstein and Wolf, owners of said premises, to alter
and repair for said owners a building on said prem-
ises on or before Sept. 1, 1908; that said owners were
to pay therefor $6,000 on certificates of the superin-
tendent as work progressed, to wit, eighty-five per
cent. of the estimated value and the remainder on com-
pletion and after expiration of fifteen days, fifteen per
cent. to be held by owner as security for completion;
that pursuant to the contract said contractors em-
ployed defendant in error to furnish lumber and mill
work on said buildings, which was accordingly fur-
nished to the amount of $490.82, the last delivery be-
ing Oct. 30, 1908; that August 11, 1908, the copartner-
ship between Stone, Hanoch and Luntz was dissolved,
and Stone and Hanoch, with the knowledge and con-
sent of Bernstein, proceeded with the work and there-
after payments were made on the building contract to
Stone and Hanoch; that on October 15, 1908, a certifi-
cate was issued to Stone and Hanoch for $400 which
was endorsed to defendant in error by them and pay-
ment refused on ground there was no money due and
architect had in ignorance of fact issued the certifi-
cate; that on Nov. 5th Hanoch and Stone refused to
proceed with the work and Bernstein and Wolf com-
pleted it, Dec. 6, 1908, at their own expense; that on
Nov. 21, 1908, notice of defendant in error's claim as
a subcontractor was served on Bernstein; that Bern-
stein and Wolf were co-partners in the furniture busi-
ness, and the buildings were constructed with part-
nership funds, and that M. Joseph is president of de-
fendant in error; that there was $1,200 of extra work
done by the contractors for which Bernstein and Wolf
agreed to pay and did pay $4,800 to the contractors;
and that $490.82 for lumber delivered and interest
thereon of $12.31 has not been paid to defendant in
error.

Plaintiffs in error insist the judgment should be reversed, (1) because the court had no power to render judgment, as Luntz, one of the contractors, was not made a party to the suit; (2) as no judgment was entered against Luntz, none could be rendered against plaintiffs in error; (3) no proper notice for a lien was served upon either plaintiff; and (4) the court improperly received the notice in evidence.

*First and Second.* The evidence discloses that as between the owners and contractors, Luntz, after the dissolution of the partnership existing between the contractors, was eliminated as a contractor, and that the owners assented to this elimination. This action between the contractors and the owners created as between them a novation, and gave the defendant in error the right in his suit to treat Hanoch and Stone as the only contractors. While, so far as the evidence discloses, defendant in error had a right to sue all the original contractors jointly with the owners, as he had furnished the material to all of them and had not released Luntz; yet, the owners, plaintiffs in error, could not require defendant in error to make Luntz a party to the suit, as they had discharged or released Luntz as a contractor, and had accepted Hanoch and Stone as their sole contractors in the completion of the building. There was therefore no existing obligation between Luntz and plaintiffs in error, and no reason appears why he was a necessary party to this suit.

*Third and Fourth.* The notice was addressed to Abraham Bernstein and Henry Wolf, and is signed by defendant in error, per M. Joseph. It was dated Nov. 21, 1908, and on that date was served on Bernstein. The body of the notice reads as follows:

"You are notified that I. Lurya Lumber Company have been employed by Stone, Hanoch and Luntz to furnish lumber under their contract with you on your property (describing it) and that there was due the undersigned October 30, 1908, the sum of $490.82 for which undersigned hold your interest in grounds liable."

The notice complies substantially with all the requirements of the statute and it is sufficient.  Par. 38, Chap. 82, Hurd's Stat., 1909; I. Lurya Lumber Co. v. Bernstein et. al., *ante,* p 77.

The statute does not require the notice to state that the material was delivered or when payment therefor would become due.  Beck Coal Co. v. Patterson, 237 Ill. 250.  Notice to one of two partners is notice to both, and it was not necessary to personally serve both Bernstein and Wolf.  Haywood v. Harmon, 17 Ill. 477; McDonald v. The W. R. Co., 35 Ill. App. 283.  The notice may be signed without the seal of the corporation attached and must necessarily be signed by an agent where the subcontractor is a corporation.  Cary-Lombard L. Co. v. Fullenwider, 150 Ill. 629.

The notice was properly admitted in evidence, and the court committed no error in rendering a joint judgment under the statute against the owners and contractors.  Harty Bros. v. Polakow, 237 Ill. 559.

The judgment is affirmed.

*Judgment affirmed.*