## POPE v. WHEATLEY.
### No. 977.

Court of Civil Appeals of Texas. Eastland.
Nov. 4, 1932.

Rehearing Denied Dec. 2, 1932.

Davidson, Doss & McMahon, of Abilene, for appellant.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellee.

HICKMAN, C. J.

The appeal is from a judgment in favor of appellee against appellant for $125 damages based upon an award made by arbitrators. The judgment ran against both the appellant and I. N. Anderson, his agent, but the latter has not appealed. The pleadings below, both in the justice court and county court, were oral, and we are not advised by the record as to their nature. No statement of facts is brought here, but the appeal is upon the conclusions of fact and law filed by the trial court. These conclusions are the source of all the information which we have concerning the case, and are therefore copied in full as a statement of the case. They are as follows:

"The court finds that on or about the 28th day of April, 1930, the defendant, C. R. Pope, purchased an oil and gas lease from W. D. Swann, et al., on certain land in Jones County, Texas; that C. R. Pope was the record owner of said lease, but that on or about August 19th, 1930, he executed an assignment of a part interest in said lease to Mrs. Pearl Anderson, wife of I. N. Anderson, the other defendant in this suit. The said first assignment was dated August 19th, 1930, and filed for record September 13th, 1930, in Jones County, Texas. That on the 19th of November, 1930, a correction assignment was executed between the same parties which was filed for record November 24th, 1930, in Jones County.

"That after purchasing said lease C. R. Pope, acting for himself and all others interested with him in said lease, caused certain parties under his directions to go out and make a location, unload timbers, start a slush pit, etc., preparatory to drilling a well. That through mistake the first location for a well was made upon land which was not covered by the aforesaid oil and gas lease. That said first location was made upon certain land which was owned by Mr. Swann and which was leased by the plaintiff, S. H. Wheatley, as a tenant farmer. That the error was discovered as to the location and in consequence thereof the material incidental to the oil well was skidded over for a distance in order to locate on the right lease. That certain work was done at the second location preparatory to drilling a well, when it was again discovered that the well was still being located off of Pope's lease and on land rented by Wheatley. That consequently all material and tools were again moved, upon which third removal the location was made upon the lease which had been purchased by C. R. Pope and on which Wheatley held a lease as tenant farmer.

"That incidental to said locations certain acts were done on the part of the agents, representatives and employees of C. R. Pope which were alleged to constitute damages against the plaintiff, S. H. Wheatley.

"That after a part of the above acts had been arranged for under the directions of C. R. Pope, the said Pope met the plaintiff one day in Merkel, at which time the two parties had a conversation. That in this conversation the plaintiff endeavored to make a trade with Pope to secure the job of digging a slush pit, but that they failed to reach an agreement. That at said time the plaintiff also inquired of Pope in regard to who would pay the damages caused to his crops, etc., by vir-

tue of the location and drilling of the oil well. That Pope instructed or advised plaintiff that he was leaving the entire matter in regard to the whole proposition in the hands of I. N. Anderson (the other defendant in this suit), and that he would have to settle the matter with Anderson, and that whatever Anderson did would be all right.

"That in said conversation no specific mention was made as to just what business in regard to the well Pope intended to leave in the hands of I. N. Anderson. No mention was ever made at any time between Pope and Wheatley with respect to Anderson having the right to arbitrate or submit to arbitrators any damage proposition, and the court finds that no such specific authority was ever expressly conferred upon Anderson by Pope.

"The court finds that the plaintiff understood that I. N. Anderson was authorized to negotiate and settle all business connected with the well in so far as the plaintiff was concerned, relating both to damages to crops and to digging the slush pit.

"The court further finds that C. R. Pope left for South Texas and had nothing further to do personally with the matters involved in this suit. That subsequent to his leaving the plaintiff and I. N. Anderson had certain controversies relating to the amount and payment of damages to Wheatley's tenant lease, and the said Wheatley stopped I. N. Anderson and the other agents, servants and employees of C. R. Pope from proceeding further with the drilling of said oil well. That during the latter part of August, 1930, the said I. N. Anderson filed an injunction suit, naming himself and C. R. Pope as plaintiffs, against Wheatley, to restrain Wheatley from interfering with the said C. R. Pope and I. N. Anderson, their agents, servants, and employees in progressing with the work incident to drilling said well, and before the date set for trial of said injunction suit Anderson and Wheatley agreed to arbitrate the matter of damages which were claimed by Wheatley. That they agreed to each appoint an arbitrator and that on a certain date these two arbitrators, together with plaintiff and Anderson, met on the ground of the alleged damages, and under the approval of both plaintiff and Anderson these two arbitrators went out and secured a third arbitrator. That both plaintiff and Anderson then agreed to abide by whatever damages these three arbitrators settled upon. That said three arbitrators unanimously agreed upon One Hundred and Twenty-five dollars as being the amount of damages which should be paid to the plaintiff, which sum included the identical items sued for in this suit.

"The court finds that in these arbitration proceedings I. N. Anderson was also acting as the agent and representative and for the purported benefit of C. R. Pope; said Anderson was also acting in behalf of the interest of his wife, and there was no one else who attempted to exert any authority whatever in regard to looking after the well and the business connected therewith after Pope left, except I. N. Anderson.

"All the business of having the slush pit dug, etc., was directed and looked after by I. N. Anderson after C. R. Pope left the country.

"The court finds that at the time the arbitrators made their award that Anderson promised Wheatley to abide by the award and to get the check to cover same for Wheatley within a few days, but that said award was never paid.

"The court finds that Pope did constitute Anderson as his general agent to look after all matters connected with the location and drilling of an oil well, and authorized him to do any and all acts necessary to accomplish said purpose.

"The court finds that, acting in said capacity as agent, the defendant Anderson acknowledged damages which were due Wheatley by virtue of his (Anderson's) acts in behalf of his principal, Pope, and entered into arbitration proceedings and agreed to be bound by the award therein.

### "Conclusions of Law.

"The court concludes, as a matter of law, that the defendant Pope having made Anderson his general agent to look after all matters arising incidental to the location and drilling of the oil well is bound by the acts of said agent in entering into the arbitration agreement, and that therefore defendant Pope is liable for $125.00 as damages which was returned as the award of the arbitrators.

"The court further concludes that the defendant Anderson as agent having directed the acts which constituted the claim for damages, which acts constituted a tort, is liable, together with Pope.

"Therefore, premises considered, the court concludes, as a matter of law, that the plaintiff is entitled to recover a judgment against the defendants Pope and Anderson, jointly and severally, as sued for."

■ The only question of law presented for our decision is: Under the foregoing findings, did I. N. Anderson, as agent of appellant Pope, have the authority to bind Pope by his act in submitting the controverted matter to arbitration? The reference of a dispute to arbitration is an extraordinary method of settlement, substituting the judgment of the arbitrators for the discretion of the agent. It is not a method of settlement usually employed by an agent, and the authority thus to settle a dispute is not one of the implied powers of a general agent. In 2 R. C. L., p. 356, § 7, it is stated: "A submission to arbitration is not within the powers of a general agent. An agent may have the most ample power to bind his principal by his own acts and determinations, but this of itself gives him no au-

thority to delegate that power to others. The authority thus to delegate the power with which an agent is intrusted will not be presumed unless specially conferred, either expressly or by implication. * * *" The same principle is announced in 2 C. J., p. 655, § 302, where many cases from different states are cited.

We have considered all of the available cases and find that, without exception, they support the text.

■■ This case is before us on motion for rehearing. In our original opinion released on September 30, 1932, we recognized the above rule of law, but held that, while the conclusions of law of the trial court made Anderson only a general agent, there were fact findings which disclosed that Anderson had much more authority than that of a general agent. A reconsideration of the question in the light of the authorities below cited has convinced us that we erred in that conclusion. By the findings of the trial court, considered as a whole, Anderson was the general agent of Pope, clothed with the authority only of a general agent, with no specific authority, either express or implied, to bind Pope by an agreement to arbitrate. Scarborough v. Reynolds, 12 Ala. 253; Huber v. Zimmerman, 21 Ala. 488, 56 Am. Dec. 255; City of New York v. Du Bois (C. C.) 86 F. 889; City of New York and City of Brooklyn v. Dubois (C. C. A.) 132 F. 752; Trout v. Emmons, 29 Ill. 433, 81 Am. Dec. 326; Manufacturers', etc., Fire Ins. Co. v. Mullen, 48 Neb. 620, 67 N. W. 445; Talmadge v. Arrowhead Reservoir Co., 101 Cal. 367, 35 P. 1000; Lawrence v. Emson, 31 N. J. Eq. 67.

Our original opinion will be withdrawn, and this opinion on rehearing substituted therefor. The motion for rehearing is granted; our former order affirming the judgment of the trial court is set aside, and in lieu thereof judgment will be entered reversing and remanding the cause for another trial as between appellant Pope and appellee Wheatley. The judgment in favor of appellee against I. N. Anderson will not be disturbed, since no appeal was prosecuted therefrom.

Undisturbed in part; reversed and remanded in part.