# Higginbotham *et al.* v. Higginbotham.

*Contest of the Probate of a Will.*

1. *Contest of will; undue influence; question for the jury.*—Where, in a proceeding to probate a will, it is contested on the ground of undue influence, and the evidence tends to show that within a year of the making of his will, the testator intended to provide for his daughter, the contestant, and that one of the testator's two sons, who where the executors and only beneficiaries under the will, had said prior to its execution that he would prevent contestant from receiving any of their father's property, and after importunity, he induced the testator to go with him some distance to an attorney and had the will prepared and executed, and it was further shown that for some time prior to the execution of the will the two sons managed the testator's business, the question as to whether the will was the result of undue influence, exercised by the proponents, who were the chief beneficiaries, upon the mind and will of the testator, is a question to be determined by the jury ; and the general affirmative charge in favor of the proponent is properly refused.

2. *Same; what constitutes undue influence.*—Undue influence, such as will invalidate a will, must amount to coercion or fraud, and must be tantamount to force or fear, and destroy the free agency of the testator ; and where it is shown that the executors who are chief beneficiaries under the will occupied confidential relations with the testator, their father, and attended and managed his business for him, and

[Higginbotham *et al.* v. Higginbotham.]

were very active in securing the preparation and execution of the will, in that they importuned him to make it, and carried him to a lawyer at a distance for that purpose, such facts raise up the presumption of undue influence, and cast upon the proponents the burden of showing that the will was not induced by coercion or fraud, on their part, either directly or indirectly.

3. *Same; same.*—On the contest of the probate of a will, on the ground that it was procured by undue influence, where under the evidence adduced, it was open to the jury to find that the will was procured by fraud, or that confidential relations existed between the proponents and the testator, and that the former were very active in the preparation and execution of the will, a charge is properly refused which instructs the jury that "The influence necessary to vitiate a will must amount to force and coercion, destroying the free agency of the testator; it must not be the influence of affection and attachment; it must not be the mere desire of gratifying the wishes of another; but it must be such as to induce the mind of the testator and coerce it into submission to that of another, and there must be proof that the will was obtained by this coercion, by importunity which could not be resisted;" such charge being erroneous in leaving out the consideration of fraud, and tending to mislead the jury as to the burden of proof.

4. *Same; charge invasive of the province of the jury.*—Where the probate of a will is contested on the ground that it was procured by undue influence, a charge which instructs the jury that the "testimony of the attesting witnesses and those persons present at the time of the execution of the will is entitled to special weight on the question of undue influence," is properly refused, as being invasive of the province of the jury.

5. *Same; charge of the court to the jury.*—In such a case, a charge which instructs the jury, "Suppose that while the testator" and the contestant were not friendly, the proponents took advantage of the difficulty and got the testator to make his will, so that the contestant was left out "thereby destroying his will, this would be undue influence," is erroneous.

APPEAL from the Probate court of Blount.

Heard before the Hon. T. H. DAVIDSON.

This was a proceeding to probate the will of W. H. Higginbotham, in the probate court of Blount county, Alabama, which was propounded for probate by the appellants, A. L. Higginbotham and Pinckney W. Higginbotham, who were the sons of the deceased, and the executors named in the will, and who were also devisees under said will. The contestant was Kittie Higginbotham, the appellee, who was the daughter of the deceased. The contest was made upon the ground of fraud and un-

[Higginbotham *et al.* v. Higginbotham.]

due influence by the proponents and Mrs. Mary Higginbotham, the wife of the testator. The tendency of the evidence is sufficiently stated in the opinion.

In his general charge to the jury, the court, among other things, instructed them as follows : "Suppose, that while the testator and his daughter, Miss Kittie, were not at a good understanding, and that the proponents, or their mother, took advantage of this difficulty and got the testator to make his will so that the daughter would be left out, thereby destroying his will, this would be undue influence, and if the will was executed under this undue influence, your verdict will be for contestant." The proponents duly excepted to this portion of the court's oral charge, and also separately excepted to the court's refusal to give each of the following written charges requested by them :   (1.) "If the jury believe the evidence, their verdict must be in favor of the validity of the will in this case."   (2.) "The influence necessary to vitate a will must amount to force and coercion, destroying the free agency of the testator, it must not be the influence of affection and attachment ; it must not be the mere desire of gratifying the wishes of another ; but it must be such as to induce the mind of the testator and coerce it into submission to that of another, and there must be proof that the will was obtained by this coercion, by importunity which could not be resisted."   (3.) "The testimony of the attesting witnesses and those persons present at the time of the execution of the will is entitled to special weight on the question of undue influence and the sanity of the testator."

Upon a verdict of the jury in which the issues were found in favor of the contestant, judgment was rendered accordingly. The proponents appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

EMERY C. HALL and DICKINSON & DODD, for appellants.—1. The court erred in its refusal to give charge numbered 2, requested in writing by the proponents.— *Taylor v. Kelly,* 31 Ala. 59; *Gilbert v. Gilbert,* 22 Ala. 529; *Dunlap v. Robinson,* 28 Ala. 100 ; *Bulger v. Ross,* 98 Ala. 267 ; *Leverett v. Carlisle,* 19 Ala. 80 ; *Bancroft v. Otis,* 91 Ala. 279; *Moore v. Spier,* 80 Ala. 129 ; *Lecper v. Taylor,* 47 Ala. 221 ; *Eastis v. Montgomery,* 93 Ala. 293 ; *Lyons v.*

[Higginbotham *et al.* v. Higginbotham.]

*Campbell*, 88 Ala. 462 ; *Pool v. Pool*, 35 Ala. 17; *Snider v. Burks*, 84 Ala. 53 ; *Hughes v. Hughes*, 31 Ala 520; *Blakey v. Blakey*, 33 Ala. 611 ; *Hall v. Hall*, 38 Ala. 131 ; 1 Jarman on Wills, 39 ; 1 Williams on Executors, 42.

2.  Charge No. 3, as requested by proponents in writing, should have been given by the court.—1 Jarman on Wills, 75 ; 2 Greenleaf on Evidence, §§ 440, 691.

3.  The court was clearly in error in that portion of his oral charge to which proponents excepted.—*Bancroft v. Otis*, 91 Ala. 279; *Taylor v. Kelly*, 31 Ala. 59 ; *Eastis v. Montgomery*, 93 Ala. 293 ; *Garrett v. Heflin*, 98 Ala. 615.

No counsel marked as appearing for appellee.

McCLELLAN, J.—The evidence tends to show that up to within a year of making his will it was the intention of the testator to make some substantial provision therein for the contestant, and that to so have provided for her would have been most natural and just ; but the will propounded contains no such provision.  There is also a tendency of the evidence to show that A. L. Higginbotham, the son of the testator, one of the proponents, between whom and his brother the will propounded divides substantially all the testator's property, and who is made with said brother an executor of the will, had said before the will was executed that he would see to it that the contestant received nothing from the estate of the testator, and that he was active in inducing his father to go to the office of an attorney, some miles from where they lived, for the purpose of having drawn up and executing a will, that he was insistent that his father should go, that the testator was reluctant to go, but finally consented, and was accompanied by his said son.  It also appeared that the proponents for some time before the will was executed attended to all their father's business affairs.  All these facts, and perhaps others which find lodgment in tendencies of the evidence, were proper to go to the jury and to be considered by them in determining whether the will was the result of undue influence exercised by the proponents and chief beneficiaries upon the mind and will of the testator, and with them in the case the court very properly refused the affirmative charge requested by the proponents.—*Bancroft v. Otis*,

91 Ala. 279.

Charge 2 requested by the proponents is faulty in that it requires vitiating undue influence to be the equivalent of force or coercion, when *fraud* is equally patent; and it is misleading in requiring "proof that the will was obtained by this coercion, by importunity which could not be resisted," since if the jury found, as it was open to them to do, that confidential relations existed between the proponents and the testator, *and* that the proponents were active in the manner shown by a tendency of the evidence in and about the making of this alleged will, the burden was thereupon shifted to the proponents to rebut the presumption of undue influence arising from these facts, and if they failed to rebut this presumption, the final conclusion should have been that the will was the result of coercion or fraud, though in a sense there was no "*proof* that it was obtained by coercion, or by importunity which could not be resisted." Or, in other words, the charge had a direct tendency to mislead the jury as to the burden of proof in a contingency which had arisen in the case.—*Bancroft v. Otis*, 91 Ala. 279; *Eastis v. Montgomery*, 93 Ala. 293; s. c. 95 Ala. 486; *Burney v. Torrey*, 100 Ala. 157.

Charge 3 refused to the proponents was manifestly an invasion of the province of the jury. In our practice the court cannot charge upon the weight to which evidence is entitled.

That part of the court's charge given *ex mero motu* to the jury, to which an exception was reserved, is erroneous. The form of expression is open to criticism on the score of tending to impress the jury that the court believes the facts hypothesized to be true, or assumes their truth. And beyond this the instruction is affirmatively bad in that all the influence hypothesized does not necessarily amount to coercion or fraudulent subornation of the testator's will: the proponents and their mother may "have got the testator to make his will so that the daughter would be left out," without having at all resorted to undue influence in the sense of the law.

The exceptions to the trial court's rulings on evidence, which are insisted upon in the brief for appellants, are without merit.

Reversed and remanded.