(93 South. 868)

**ENGLE v. BRONAUGH.   (8 Div. 396.)**

(Supreme Court of Alabama.   June 22, 1922. Rehearing Denied Oct. 12, 1922.)

1. **Appeal and error ⬅️71(4)—Decree confirming report of receiver held final so as to support an appeal.**

Where a suit for an accounting and for appointment of receiver was dismissed on final hearing, a decree confirming the report of the receiver and directing money to be paid defendant was final and would support an appeal under Code 1907, § 2837, and Gen. Acts 1919, p. 84.

2. **Receivers ⬅️203—Failure to object to report of receiver held to preclude motion to vacate confirmation.**

Where defendant had notice of the filing of a receiver's report and failed to object or file exceptions to its confirmation within the time and manner allowed by Gen. Acts 1915, pp. 707, 708, Chancery Rule 81, p. 1553, Code of 1907, he waived his right to prosecute a motion to set aside the confirmation, where such motion was not filed until after the adjournment of the term and nearly 30 days from the date of confirmation.

3. **Receivers ⬅️203—Court may confirm report of receiver without a reference.**

The court may examine a receiver's report and the evidence, and render a decree on it without a reference to the register.

4. **Receivers ⬅️203—Order denying motion to vacate confirmation of report of receiver not disturbed on appeal.**

A report of a receiver and its confirmation by the court will be sustained on appeal from an order denying a motion to vacate the confirmation of the report, where no objections were made to the form of the order directing the making of the report or to its confirmation,

and there is nothing in the record to show that the report was erroneous.

Appeal from Circuit Court, Limestone County; Robert C. Brickell, Judge.

Suit by J. B. Bronaugh against J. M. Engle. From a decree overruling motion to set aside decree confirming report of receiver, defendant appeals. Affirmed.

Wert & Hutson and E. W. Godbey, all of Decatur, for appellant.

The report filed by the receiver was insufficient to support exceptions or an order of confirmation. 88 Fed. 574, 32 C. C. A. 8; 34 Cyc. 454; 138 Cal. 216, 71 Pac. 180, 94 Am. St. Rep. 40; High on Rec. § 797. No exception is necessary to a report defective on its face. 9 Port. 94; 34 Cyc. 874; 182 Ala. 651, 62 South. 66.

W. R. Walker, of Athens, for appellee.

Where a receiver has rendered a report, and it has been passed by the master, it cannot be assailed in any other way than a direct proceeding alleging error, fraud, mistake, or the like. Beach on Rec. 800; (C. C.) 2 Fed. 751. Where a party to a bill is required to be present when an account is stated and he omits to except to it at the proper time, he will be concluded from afterwards making objections. 7 Ala. 823; 46 Ala. 363; 21 Ala. 433; 46 Ala. 619; 47 Ala. 562. Where a matter has been referred to the register for report, and report has been made and confirmed without exceptions, such report will be deemed conclusive. 32 Ala. 50; chancery rule 94, Code 1907, p. 1557; 3 Port. 9; 28 Ala. 530; 39 Ala. 202; 37 Ala. 393.

MILLER, J. This bill of complaint was filed by J. B. Bronaugh against J. M. Engle for a settlement of accounts and division of property between them under a contract or agreement by which complainant furnished the land and team to cultivate it, and the defendant furnished the labor with stipulations to divide the crops between them, and defendant was to care for the teams, hogs, and cattle on the land. On February 17, 1919, complainant filed petition verified by affidavit seeking the appointment of a receiver to take charge of the property mentioned in the bill of complaint. The petition was granted on February 17, 1919, by the court, and Luther Webb was appointed and qualified as receiver.

The cause was submitted for final decree; and on March 24, 1921, the court decreed complainant was not entitled to relief, the bill of complaint was dismissed, the cost was taxed against complainant for which execution was directed to issue; and the court ordered the receiver "to file a report and account of his

acts as such receiver in this court within 30 days from this day" (March 24, 1921).

The receiver on May 30, 1921, filed in court a written report verified by his oath before a notary public; and on June 13, 1921, the court entered in open court the following decree on the report of the receiver:

"This cause coming on to be further heard at this term of the court, and it appearing to the court that Luther Webb, the receiver in this cause, heretofore made and filed his report as such receiver on May 30, 1921, and it further appearing to the court that notice of the filing of said report has been given the defendant and no exceptions having been filed thereto, it is therefore ordered, adjudged, and decreed that the said report of Luther Webb, receiver, in this cause, be and the same hereby is in all things confirmed."

The defendant on July 9, 1921, filed exceptions to the report of the receiver and prayed the court to set aside and vacate the decree confirming the report, and that it be referred to the register to ascertain and report thereon. The court on the hearing, by decree rendered August 9, 1921, overruled and denied the motion and petition to set aside the decree confirming the report of the receiver and directed "the register to pay over to J. M. Engle, the defendant, the proceeds of the sale of the cotton by the receiver under the former decree of this court, now in his hands as such receiver." From this decree of August 9, 1921, the defendant prosecutes this appeal, and assigns as error that part of it which overrules the motion of defendant to annul and set aside the decree confirming the report of the receiver; and also assigns as error the decree confirming the report of the receiver.

[1] Will an appeal from that decree lie to this court? Does the statute authorize it? This decree, when considered in connection with all of the other decrees in the cause, is final. It directs and orders the money in the hands of the register from proceeds of sale of the cotton made by him and the receiver be delivered to the defendant. This appears to have been the end of the proceedings in the cause.

The court had by decree held complainant was not entitled to relief, dismissed the bill of complaint, taxed the complainant with the court cost, and directed the receiver to file report and account of his acts as such receiver. The receiver filed his report. It stated, among other things, "that Bogg Brothers simply took charge for said Mrs. Wressie Boggs of all property that came into possession of this receiver, except cotton," and "that said cotton was by order of this court sold by other parties than receiver, and the receiver is informed that the money was paid into the registry, and that it there remains." This report of the receiver was confirmed by the court. This money, by this decree appealed from, was directed to be paid by the register to the defendant. This decree, taken in connection with the others, was a final one in the cause; no other decree appears necessary. It will support an appeal to this court, when taken in time. Section 2837, Code 1907. The appeal was taken on August 20, 1921, by giving security for the cost. This was within the time allowed and in the manner directed by the statute. Gen. Acts 1919, p. 84, approved February 15, 1919.

[2] The decree confirming the report of the receiver recites this:

"It further appearing to the court that notice of the filing of said report has been given the defendant, and no exceptions having been filed thereto."

The report was filed May 30, 1921. It was confirmed in open court June 13, 1921. The defendant had notice of the filing of the report. He filed no objections to it, and reserved no exceptions to the ruling of the court. He admits that he received a copy of the report on the 9th or 10th of June, before it was confirmed. Court adjourned by operation of law at midnight, the last Saturday in June, 1921, and no motion had been made to set aside the decree. Gen. Acts 1915, pp. 707, 708; Chancery Rule 81, p. 1553, Code 1907. On July 9, 1921, exceptions were filed to it. This was too late under the circumstances. There must be a time when litigation in a case must end. When the defendant admits he had notice of the filing and a copy of the receiver's report on the 9th or 10th of June, 1921, before it was confirmed, and did not object to its confirmation and waited until after the court adjourned and until July 9, 1921, nearly 30 days after the report was confirmed, to file exceptions to it and to file motion to set the decree of confirmation aside, the court will not be put in error for refusing to grant his motion or petition. The defendant had waived his right to object and except to its confirmation. Gerald v. Miller, 21 Ala. 436; Rule 94, Chancery Practice, p. 1557, Code 1907; Taunton v. McInnish, 46 Ala. 619; Irvine v. Armistead, 46 Ala. 363; Micou v. Tallassee Bridge Co., 47 Ala. 652; McGowan v. Branch Bank, 7 Ala. 827.

[3] There was no necessity to refer the report of the receiver to the register to ascertain the amount due, if anything. The court could, if it saw proper, examine the report and the evidence, and render a decree on it without a reference. Taunton v. McInnish, 46 Ala. 619.

[4] Was the report of the receiver erroneous on its face? The court directed the receiver "to file a report and account of his acts as such receiver." There was no objection to this order, and no complaint by either party is made to it. This court, in Micou v. Tallassee Bridge Co., 47 Ala. 652, wrote:

"If the directions given for the taking and stating this account were not satisfactory to

the defendants, other directions should have been asked, and the report should have been excepted to before its confirmation." ·

The ·receiver filed written report under oath of all property received by him; he states two hogs died, one was stolen or strayed off, and goes into detail as to the balance of the property, stating what became of it; and he then states in a collective summary way as follows:

"Your receiver states that Bogg Bros. simply took charge, for said Mrs. Wressie Boggs, of all the property that came into possession of this receiver,· except the cotton"; and "there came into possession of the receiver 4 bales of cotton and about 800 pounds of seed cotton; that said cotton was by the order of this court sold by other parties than the receiver, and the receiver is informed that the money was paid into the registry and that it there remains."

This report was not erroneous on its face. He received no money. He paid out· none. The money from the cotton was in the possession of the court, in the hands of the register. It was afterwards ordered by the court to be paid to the defendant. Some of the property under order of the court was used to feed the stock. Two hogs died, and one was lost by straying off or was stolen; and the balance of the property appears from the report to have been surrendered by the receiver to "Boggs Bros. for said Mrs. Wressie Boggs" under a purchase from the complainant. It was a part of the property involved in the bill of complaint under the farming contract of the parties. A copy of this report, showing the disposition made of the property by the receiver, was received by the defendant on the 9th or 10th of June before the report was confirmed in open court on June 13th. He saw it, knew· of these statements in the report, and filed no objection or exception to it before it was confirmed.

If Mrs. Boggs had no right or title to the property superior to that of the defendant, or if the receiver had no authority from the court or right under the law to surrender it to her, then defendant should have so informed the court by proper exception or objection to the report before it was confirmed by the court. He should not have remained silent after notice, until after confirmation, until after court adjourned and until nearly thirty days after the report was confirmed before making complaint and filing exceptions to it. Under these circumstances, the court will not be placed in error for confirming the report of the receiver. Gerald v. Miller, 21 Ala. 433; Taunton v. McInnish, 46 Ala. 619, headnote 5; Irvine v. Armistead, 46 Ala. 363, 374; Nicou v. Tallassee Bridge Co., 47 Ala. 652, 657, headnote 6; McGowan v. Branch Bank, 7 Ala. 827.

Finding no error in the record, the decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.