[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 403 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 404 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 405 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 406 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 408 
The contest in equity was of the probate of the will of Mrs. Mary Lewis Martin, deceased. That instrument bore date of February 11, 1918, and testatrix died on December 29, 1920. The submissions are upon several motions to strike the respective bills of exceptions and dismiss the two appeals, and on the merits.
The two certificates of appeal are, respectively, of date March 29, 1923, reciting the giving of security for costs (November 27, 1922), and its due approval, and that notice was given of the appeal; and of date May 18, 1923, filed here May 24, 1923, reciting the giving and approval of security for costs May 18, 1923, and that notice of the appeal was given.
Questions sought to be presented by the respective motions to dismiss the appeals and to strike the bills of exceptions are: (1) To review the decree overruling demurrer to the bill as amended — decree rendered on November 30, 1921; (2) to review the several rulings made, and to which exceptions were reserved on the jury trial at the June term, 1922; (3) to review the overruling of the motion for new trial filed July 6, 1922, and continued and heard, and decree rendered November 11, 1922; and (4) to review the final decree (on verdict of jury) rendered on February 16, 1923.
An appeal is taken to an appellate court, not as a vested right, but by the grace of a statute (Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803, and must be perfected and prosecuted pursuant to the time and manner prescribed (Code 1907, § 2855; Liverpool, etc., Co. v. Lowe, 208 Ala. 12,93 So. 765).
Statutory provisions of the manner of taking an appeal are:
"That any appeal taken under the provisions of chapter fifty-three (53) of the Code of Alabama of 1907 must be taken within six months from the rendition of the judgment or decree, and shall be shown in the following manner: (a) When no bond or security is required the filing of a written statement setting out the parties and court, signed by the party appealing, or by his or her attorney of record that an appeal is taken from the judgment or decree in the case. (b) By giving security for the costs of the appeal to be approved by the clerk or register, or court. (c) By giving and having approved a supersedeas bond conditioned as required by law." Gen. Acts 1915, p. 711, § 1.
It follows that the appeal is taken where security for costs is lodged with the proper officer, if it is thereafter approved by him. Jacobs v. Goodwater Graphite Co., 205 Ala. 112,87 So. 363. After an appeal is taken, the court whence it came loses control of the subject-matter or question in the case made the subject of the order, judgment, or decree from which the appeal is taken. Action in said cause should be suspended in the trial court until the appeal is effectively abandoned, dismissed, or decided. State ex rel. Attorney General v. Livingston, Judge, 170 Ala. 147, 54 So. 109; Ex parte City Council of Montgomery, 114 Ala. 115, 14 So. 365; Ex parte Farrell, 196 Ala. 434, 71 So. 462, L.R.A. 1916F, 1257; Sharp v. Edwards, 203 Ala. 205, 82 So. 455; Montevallo Coal Min. Co. v. Reynolds, 44 Ala. 252; Moore v. Randolph, 52 Ala. 530; Southern Ry. Co. v. Birmingham, Selma, etc., Co., 131 Ala. 663,29 So. 191. In Hudson v. Bauer Gro. Co., 105 Ala. 200,16 So. 693, a motion for new trial was held too late when made after the appeal was taken. Smith v. State, 17 Ala. App. 565,86 So. 120; Wade v. State, 18 Ala. App. 322, 92 So. 97. See, also, 1 Enc. Dig. of Ala. Rep. p. 397, § 441.
The general provisions of the act of 1915 (Gen. Acts, p. 711) as amended by the act of 1919 (Gen. Acts, p. 84) did not change the special provisions of sections 2838 and 2856 of the Code, for taking an appeal from a ruling on demurrer to a bill in equity and certain other interlocutory orders before final decree, when such ruling did not dismiss the bill of complaint. Pepper v. Horn, 197 Ala. 395, 73 So. 46; Bowe v. Pierson,206 Ala. 250, 89 So. 711; Minge v. Smith, 206 Ala. 330,89 So. 473. If that ruling dismissed the bill, such decree became final, and is governed by the statute providing that appeals may be taken within six months from the date of rendition of the final decree or judgment. Code 1907, § 2837.
It should be observed that the bill filed by John T. Martin (the husband) had for its object the contest of the will of his deceased wife, and was sought to be maintained under sections 6207 and 6209 of the Code. The right of trial by jury of such controverted issues of fact was duly demanded, and had as a matter of right under the statute (Code, § 6209), and not by the grace of the court. A. T. N. Ry. Co. v. Aliceville Lbr. Co., 199 Ala. 391, 404, 405, 74 So. 441; Adams v. Munter 
Brother, 74 Ala. 338; Mathews v. Forniss, 91 Ala. 157, 8 So. 661; Ex parte Colvert, 188 Ala. 650, 65 So. 964; Stephens v. Richardson, 189 Ala. 360, 66 So. 497; West v. Arrington,200 Ala. 420, 76 So. 352. The verdict of that jury was *Page 410 
not merely advisory to the court, but was required by law to be made the basis of the final decree rendered in said cause.
The verdict, however, was not the same as the decree of the court, which must follow or be pursuant to the verdict. That is to say, the entry of record of "the mind or determination of the court audibly expressed" is the judgment or decree of the court, and not the verdict. Hall, Adm'r, v. Hudson, Adm'r,20 Ala. 284; Lockwood v. Thompson, 198 Ala. 295, 299, 73 So. 504; Edwards v. Davenport, 11 Ala. App. 423, 66 So. 878.
And the ministerial act of entry record or registry of the "determination" of the court must be performed before that "determination" becomes the judgment, decree or order thereof (3 Black. Com. 24; Zaner v. Thrower, 203 Ala. 650, 653,84 So. 820; Hudson, Adm'r, v. Hudson, Adm'r, supra; Campbell v. Beyers, 189 Ala. 307, 313, 66 So. 651; Chighizola's Heirs v. Doe ex dem. Eslava, 24 Ala. 237; Stewart's Adm'r v. Stewart's Heirs, 31 Ala. 207; Capell v. Landano, 34 Ala. 135), unless it be an order of continuance of a motion for new trial or rehearing, the regularity of which entry may be waived by the respective parties in adverse interest (Shipp v. Shelton,193 Ala. 658, 662, 69 So. 102; Ex parte Schoel, 205 Ala. 248,87 So. 801; McCarver v. Herzberg, 135 Ala. 542, 544, 33 So. 486) by submitting for judgment or decree on such motion duly made in term time, and not thereafter properly continued to the next ensuing term (Ex parte Margart, 207 Ala. 604, 93 So. 505).
The motion to dismiss the first appeal contains, among other grounds, the averment that it was not taken within 30 days from the date of the rendition of the decree overruling respondents' demurrer to the bill as amended, or, if (the appeal was) attempted to be taken from the final decree of the court (entered on February 16, 1923), it preceded that decree.
The decree overruling demurrer to the bill as amended (not dismissing the bill) was entered on November 30, 1921; the appeal first sought to be taken by giving "security for the costs * * * approved by the clerk or register," was filed and approved on the 27th day of November, 1922, and notice thereof duly given adverse parties on December 13, 1922. As respects this decree overruling demurrer to the bill, the same will not be reviewed by the appeal taken before the rendition of the final decree. It was not taken within 30 days from the date of the rendition of the decree on demurrer. Pepper v. Horn,197 Ala. 395, 73 So. 46; Nelson v. Cornelius, 208 Ala. 688,95 So. 170; Bickley v. Hays, 183 Ala. 506, 62 So. 767; Minge v. Smith, 206 Ala. 330, 89 So. 473. See Wadsworth v. Goree,96 Ala. 227, 10 So. 848; Nelms v. McGraw, 93 Ala. 245,9 So. 719; Snider v. Funderburk, 209 Ala. 663, 96 So. 928; Boshell v. Phillips, 207 Ala. 628, 93 So. 576; Code, 1907, § 2837.
Had that appeal not been taken under section 2838 and the General Acts of 1915, page 722, by giving first security for costs (November 27, 1922) before final decree, the overruling of such demurrer might be reviewed under the provisions of section 2837 of the Code. Wynn, Adm'r, v. Tallapoosa County Bank, 168 Ala. 469, 483, 53 So. 228. The same effect, however, is not to be obtained (as to the ruling on demurrer), if that appeal, taken November 27, 1922, was thereafter effectively abandoned by appellee before the final decree. The ruling on demurrer, not being reviewable by the first appeal taken more than 30 days after rendition of the decree on demurrer, may not thereafter be made reviewable on final decree, at the election of appellants, by an abandonment of the (first) appeal. Having elected to appeal under section 2838 of the Code, appellants are irrevocably bound thereby as to the review of the ruling on demurrer. Appellee's motion to dismiss the appeal, from the ruling on demurrer, is granted. A contrary decision on the effect of this waiver would give appellants an advantage over appellee. There is analogy in Cartlidge v. Sloan, 124 Ala. 596, 26 So. 918, L.R.A. (N.S.) 1917A, 113.
How has the abandonment of the first appeal affected the right of review of the order or decree overruling respondents' (appellants') motion for a new trial? A general order of continuance does not keep a motion for a new trial or rehearing alive; if the motion is not called to the attention of the court within the term, and is not duly continued, the court may not entertain such motion at a subsequent term against the due objection of the adversary party. Shipp v. Shelton, 193 Ala. 658,69 So. 102; Ex parte Schoel, 205 Ala. 248, 87 So. 801; Ex parte Margart, 207 Ala. 604, 93 So. 505. However, a proper motion for a new trial or rehearing, made during the term and duly continued to a subsequent term or terms, will affect the time within which an appeal may be taken to this court, or, if heard without objection, will conserve the same purpose. Shipp v. Shelton, supra; Liverpool, etc., Co. v. Lowe,208 Ala. 12, 93 So. 765; McCord v. Rumsey, 19 Ala. App. 62,95 So. 268.
In law cases the rule of the circuit court as to motions in arrest of judgments and new trials (Code 1907, p. 1522, § 22, first given place in Code 1886, p. 808, § 22) obtaining before the consolidation of the law and equity courts (Ex parte City Bank Trust Co., 200 Ala. 440, 76 So. 372), was and is now:
"Notice of Motion in Arrest and for New Trials; Grounds andAffidavit. — Reasons in arrest *Page 411 
of judgment, and reasons for new trial, and the affidavits in support thereof, if any are relied on, shall be filed with the clerk, and notice thereof be given to the adverse party one day before the argument. If the cause is tried on the last day of the term, the notice shall be given when the motion is entered. The party making such motion is entitled to the opening and conclusion of the argument. All such motions not acted on or continued by order of the court are to be considered as discharged of course on the last day of the term."
This was in line with decisions that, where an application for a new trial or rehearing is not rested on section 5371 or section 5372 of the Code of 1907, the term of the court in which the case was tried is the limit within which such motions may be made (Fitzpatrick's Adm'r v. Hill, 9 Ala. 783, in orphans' court); but, if the motion is duly made and continued for the purpose of subsequent consideration, the matter is still subject to the control of the court (Walker v. Hale,16 Ala. 26, in circuit court; Pratt v. Keils, 28 Ala. 390, in circuit court; Florence, etc., Co. v. Field, 104 Ala. 471, 476,16 So. 538, in circuit court, and motion made at same time at which judgment was rendered; Ex parte Highland Ave., etc., Co., 105 Ala. 221, 223, 17 So. 182, in law side of city court, and motion made at term at which the judgment had been rendered; Barron v. Barron, 122 Ala. 194, 25 So. 55, common-law action where motion was made during the term). And in Mt. Vernon Woodbury Mills v. Judges of Fifteenth Circuit,200 Ala. 168, 75 So. 916, the effect of an adjourned term of the circuit court was considered, and there was a judgment rendered and motion made at such adjourned term. So, also, there are decisions, in law cases, to the effect that a motion for a new trial, seasonably made, after the expiration of the time when such motions may be made, may not be so amended as to amount to a departure from the original motion. Liverpool, etc., Co. v. Lowe, supra; Sorsby v. Wilkerson, 206 Ala. 190,89 So. 657; A. C. L. R. Co. v. Burkett, 207 Ala. 344, 92 So. 456. Rehearings in chancery are required to be applied for during the term in which the decree is rendered. Rules and Practice, Chancery Court, No. 81, p. 1553, Code 1907; Ex parte Gresham, 82 Ala. 359, 2 So. 486; Cox v. Brown, 198 Ala. 638,73 So. 964; Hale v. Kinnaird, 200 Ala. 596, 599, 76 So. 954; Zaner v. Thrower, 203 Ala. 650, 652, 84 So. 820; Engle v. Bronaugh, 208 Ala. 162, 93 So. 868.
We have statutes declaring judgments and decrees to be beyond the control of courts after the expiration of 30 days from rendition (Gen. Acts 1915, p. 707, § 3; Engle v. Bronaugh,208 Ala. 162, 93 So. 868); rules of practice, in law courts, that all motions not acted on within the term or duly continued by special order be considered as discharged on the last day of the term (rule 22, circuit court, p. 1522, Code 1907); and rule, in courts of equity, that applications for rehearings be made at the term at which the decree was rendered (chancery rule 81, p. 1553, Code 1907). Such is the declared policy of the law to make a timely end to litigation. And it is declared that thereafter a court has no power to entertain such motions or applications made after the time indicated in the statute and rules. Mt. Vernon Woodbury Mills v. Judges of Fifteenth Circuit, 200 Ala. 168, 75 So. 916; Shipp v. Shelton,193 Ala. 658, 69 So. 102; Ex parte Highland Ave., etc., Co.,105 Ala. 221, 17 So. 182; Ex parte Humes, Adm'x, 130 Ala. 201,30 So. 732; Ex parte Payne, 130 Ala. 189, 29 So. 622; Hundley v. Yonge, 69 Ala. 89. And the result is not different by the decisions that a motion for a new trial or rehearing, seasonably made, suspends judgment or decree in the cause, and the same does not become final, for the purposes of an appeal, until the final disposition of such motion by the court. Barron v. Barron, 122 Ala. 194, 207, 25 So. 55; Southern Ry. Co. v. Jones, 143 Ala. 328, 39 So. 118; Gunnells v. State Bank,18 Ala. 676; Agee Co. v. Clark, 6 Ala. App. 128, 60 So. 460.
In the instant case (in equity) a jury trial was had as a matter of right, and the verdict rendered at the June term, 1922, in favor of complainant (appellee). No final decree was rendered thereon at such term, nor motion made for a new trial or rehearing within the term. We take judicial knowledge of the fact that the "June term" of said court terminated on June 24; that the ensuing term began on July 10, and continued to the last Saturday before Christmas, 1922; and the next ensuing term began on the first Monday in January, 1923. Riley v. State,209 Ala. 505, 96 So. 599; Engle v. Bronaugh, 208 Ala. 162,93 So. 868; Cleveland v. Little Cahaba Coal Co., 205 Ala. 369,87 So. 567; Clio Banking Co. v. Brock, 204 Ala. 57,85 So. 297; Gen. Acts 1915, p. 707. It is further indicated by the record that on July 6, 1922, respondents made a motion for a new trial, and, on being called to the attention of the judge who presided at the trial, it was continued to and was heard without objection and submitted for decree on July 22, 1922; and that the court "took and held said motion under consideration" until November 19, 1922, when it was overruled, and respondents duly reserved an exception.
The statute, providing that, after 30 days from the date on which a judgment or decree is rendered, "the court shall lose all power over it, as completely as if the end of the term had been on that day" (Gen. Acts 1915, p. 707; Howard v. Ala. Fuel Iron Co., 208 Ala. 500, 94 So. 531; Ex parte Margart,207 Ala. 604, 93 So. 505; A. C. L. R. Co. *Page 412 
v. Burkett, 207 Ala. 344, 92 So. 456), has no application to the instant motion, for the reason that there was no final decree within that term, at which the verdict was returned, preceding the term at which the motion for a new trial was made. The motion in question was not a rehearing, in equity, within the terms of rule 81, Chancery Practice, page 1553 of the Code.
After the first appeal — from ruling on demurrer and on motion for a new trial — the lower court should have suspended action in said cause to await a decision here. This was not done; and a final decree was entered on the verdict of the jury on February 16, 1923, from which the second appeal was sought to be taken by the giving of security for costs, pursuant to the provisions of Gen. Acts 1915, pp. 711, 722.
The verdict of the jury rendered at the June term, 1922, not being duly incorporated into a final decree before the adjournment of the court, the case, as a pending cause, was continued by operation of law, with the expiration of the June term, to the next ensuing term (Greer v. McGehee, 3 Port. 398; Ex parte Driver and Murray, 51 Ala. 41; Ex parte Owens, 52 Ala. 473; Farr v. State, 135 Ala. 71, 33 So. 660; Smith v. State,149 Ala. 53, 43 So. 129; Ex parte Doak, 188 Ala. 406, 413,66 So. 64; Wright v. State, 12 Ala. App. 253, 67 So. 798), though the usual general order of continuance of pending causes is not shown by this record to have been entered, as is usually the case (Ex parte Highland Ave., etc., Co., 105 Ala. 221,223, 17 So. 182; Southern Ry. Co. v. Jones, 143 Ala. 328,335, 39 So. 118; Ex parte Croom May, 19 Ala. 561,576). The same is true as to the adjournment to the January term, 1923, 4 Encyc. Pl. Pr. 830.
After the hearing on appeal from the ruling on the motion for a new trial (heard without objection on July 22, 1922), further action was had in said cause before that appeal was perfected and decided by this court. Of this the record recites: "Note of testimony and request for submission by complainant," of date December 14, 1922, and "Note of testimony and request for submission by respondents," on January 6, 1923.
That such submission, pursuant to the respective notes of testimony of the parties, was had is shown by the certificate and notation of the clerk and register of the date of January 6, 1923. Gilliland Merc. Co. v. Sinclair, 203 Ala. 62,82 So. 22; Cooper v. Cooper, ante, p. 13, 97 So. 66, 67.
It should be observed of the complainant's note of testimony that it embraced ruling on demurrer, submission of issues of fact to the jury and verdict thereon, and the judgment of the court overruling motion for a new trial, and on pleadings, proof, and charges of the court indicated; and that the note of testimony of respondents, dated January 6, 1923, was on (1) "several demurrers to the bill of complaint as last amended," the (7) "motion for a new trial as said motion is set out in and made a part of the bill of exceptions," (9) the separate and several "ground of the motion for a new trial," and (16) "the motion for a new trial and to set aside the verdict of the jury and vacate the same, and with which said motion there is submitted the bill of exceptions and transcript of the testimony including the several exceptions to rulings on the evidence during the trial before the jury, together with the grounds on which said rulings were based, and which said evidence and rulings and grounds therefor are set out as they occurred during said trial before the jury in said bill of exceptions and transcript of testimony, and to which reference is hereby expressly made, and the same are made a part hereof as if set out herein, each ruling and exception to be taken and considered separately and severally." This occurred before the return of the first appeal to this court — taken, as we have noted, on November 29, 1922.
In Winn v. Dillard, 60 Ala. 369, it was held that a defendant in chancery, having prayed an appeal from an interlocutory decree overruling demurrer to the bill, and who filed answer and cross-bill before the return of the appeal to this court (a step inconsistent with the pendency of the appeal from the decree overruling the demurrer and not requiring him to answer), by such unnecessary and inconsistent act had waived the appeal. It was stated in that case that such an appeal "will be dismissed on motion." As to waiver or abandonment of an appeal by subsequent unnecessary and inconsistent action on the part of the appellant, see Howison v. Baird, 138 Ala. 129,35 So. 62; Pepper v. Horn, 197 Ala. 395, 398, 73 So. 46; Cooper v. Cooper, ante, p. 13, 97 So. 66.
It would appear that, where there has been given no supersedeas of the judgment (Cartlidge v. Sloan, 124 Ala. 596,26 So. 918), the appellant may waive or abandon on appeal where no prejudice will result thereby to the other party. The prejudice that is meant in such case is the loss of some right to which appellee has become entitled by reason of the taking of the appeal by his adversary. L.R.A. (N.S.) 1917A, p. 113 et seq.
It follows that the appeal taken, November 29, 1922, was abandoned by the failure to perfect the same in this court before the voluntary and inconsistent procedure in the lower court, by consent of the respective parties in adverse interest. That inconsistent action or procedure was the submission for final decree, appealed from, that was perfected on May 18, 1923, within the time prescribed by law.
The bill of exceptions was duly presented *Page 413 
on May 15, 1923, within 90 days from that day on which the final decree was rendered — February 16, 1923. Counsel express doubt whether the bill of exceptions should have been presented within 90 days from the rendition of the verdict of the jury, or from the date of rendition of the decree. We understand the effect of the decisions of this court to be, and so announce, that the date referred to in the statute (Code 1907, § 3019), within which the bill of exceptions must be presented, is that on which the formal judgment or decree is rendered, and not the date on which the verdict of the jury is returned into court. Liverpool, etc., Co. v. Lowe, 208 Ala. 12, 93 So. 765; Shipp v. Shelton, 193 Ala. 658, 69 So. 102; Williams v. Goodyear Tire Rubber Co., 207 Ala. 335, 92 So. 471; Massey v. Pentecost, 206 Ala. 411, 90 So. 866; Sorsby v. Wilkerson,206 Ala. 190, 89 So. 657; Nat. Pyrites Copper Co. v. Williams, 206 Ala. 4, 89 So. 291.
The motions to strike the bill of exceptions and to dismiss the appeal from the final decree are overruled.
What is reviewed by the last appeal? It is recited in the bill of exceptions of a resubmission on the motion for a new trial on the submission for final decree:
"At the submission of this case for final decree on the pleadings and proof, and in open court, the respondents resubmitted to the court the motion for a new trial hereinabove in this bill of exceptions set out in support of said motion, and then and there insisted upon said motion. The court thereupon overruled said motion, and to this action of the court in overruling said motion the respondents there and then in open court duly reserved an exception.
"Wherefore, the respondents retender this their bill of exceptions, with the addition thereto next above set out, and pray that the same may be signed and sealed and made a part of the record in this cause, which is accordingly done in term time, and within the time fixed by law on this the 15th day of May, 1923.
"J. C. B. Gwin, Judge Presiding.
"Re-presented this the 15th day of May, 1923.
"J. C. B. Gwin, Judge Presiding.
"Refiled May 18, 1923.
"E. C. Himes, Deputy Clerk."
Chancery rule 81, supra, limits "rehearings of a decree" to the term at which the decree was rendered. The rehearing sought in this case was an order for a new trial to be had before another jury. Such was the result sought to be attained by setting aside the verdict of the jury returned at the June term, 1922. The rules have been applied in equity, as to making such motions (Engle v. Bronaugh, 208 Ala. 162, 93 So. 868) that obtain and have been applied at law, under the recent statute (Massey v. Pentecost, 206 Ala. 411, 90 So. 866). The instant "motion for new trial" or rehearing, not being made at the term within which the verdict was returned, may not thereafter be successfully maintained by the movants and appellants here against the objection of appellee. In the cases of Shipp v. Shelton, 193 Ala. 658, 69 So. 102; Ex parte Schoel, 205 Ala. 248, 87 So. 801; and Ex parte Margart,207 Ala. 604, 93 So. 505, the motion for new trial or rehearing had been made within the term, and there was a discontinuance by reason of a defective entering of the continuance thereof. Such is not this case, and the motion for rehearing or a new trial came too late, and will not be considered. Engle v. Bronaugh, 208 Ala. 162, 93 So. 868.
The several rulings to which exceptions were reserved on the trial are duly presented by the bill of exceptions, and will be considered in the order followed by counsel in argument. A. T. N. Ry. Co. v. Aliceville Lumber Co., 199 Ala. 391, 404, 405,74 So. 441, and authorities. The bill, as amended by a proper party in interest (Bowe v. Pierson, 206 Ala. 250,89 So. 711; Braasch v. Worthington, 191 Ala. 210, 67 So. 1003, Ann. Cas. 1917C, 903), sufficiently stated the several grounds of contest (Code 1907, §§ 6196, 6207; Barksdale v. Davis, 114 Ala. 623, 627, 22 So. 17; Coghill v. Kennedy,119 Ala. 641, 656, 24 So. 459; Alexander v. Gibson, 176 Ala. 258,262, 57 So. 760, Barnett v. Freeman, 197 Ala. 142,72 So. 395). See, also, Pilcher v. Surles, 202 Ala. 643,81 So. 585; B. T. S. Co. v. Cannon, 204 Ala. 336, 341,85 So. 768.
The certification of the bill of exceptions by the judge who presided at the trial, as prescribed by law for a bill of exceptions, was a sufficient compliance with the provisions of the statute that the judge or chancellor may require the testimony taken orally to be transcribed, etc. Gen. Acts 1915, p. 705. However, the evidence was in the breast of the court as so certified in the bill of exceptions. It was submitted upon by the parties as required by the rules in a chancery case (Brassell v. Brassell, 205 Ala. 201, 87 So. 347; Johnson v. Riddle Ellis, 204 Ala. 408, 85 So. 701), and was before the court when the decree was rendered upon the verdict of the jury rejecting the probate of Mrs. Martin's will.
Assignments of error not insisted upon are not considered. Georgia Cotton Co. v. Lee, 196 Ala. 599, 604, 72 So. 158; L. N. R. R. Co. v. Holland, 173 Ala. 675, 694, 55 So. 1001.
The assignments of error are from 1 to 326, inclusive, and we have considered the same in detail, though it will not be necessary to treat separately each assignment. Many charges were requested — given and refused. These are not numbered, and are difficult of reference. We have employed the letters of the alphabet to indicate the given charges of the complainant-contestant; respondents' refused charges are numbered from 1 to 18, inclusive, and their given *Page 414 
charges are indicated as S to Z, and A-1 to L-12, inclusive.
Given charge A for complainant conforms to the statement of the law to be found in Coghill v. Kennedy, 119 Ala. 641, 646,666, 24 So. 459. If fraud or undue influence, on the part of one or more devisees or legatees under the will, affected the whole will, then no portion thereof can be upheld. Florey's Ex'rs v. Florey, 24 Ala. 241, 248. However, if the evidence shows that the will was in part the effect of undue influence, and in part the "act of the testator's own free will," in such case the will is not wholly void, and the latter part must stand, although the will be annulled as to the former. Henry v. Hall, 106 Ala. 84, 97, 17 So. 187, 54 Am. St. Rep. 22; Goldsmith v. Gates, 205 Ala. 632, 88 So. 861; Councill v. Mayhew, 172 Ala. 295, 312, 55 So. 314; Eastis v. Montgomery,93 Ala. 293, 299, 9 So. 311; Lyons v. Campbell, 88 Ala. 462,468, 7 So. 250; Blakey's Heirs v. Blakey's Ex'x, 33 Ala. 611,616. The charge was free from error. If there had been misleading tendencies as to a partial probate, it should have been duly raised in the lower court (Goldsmith v. Gates,205 Ala. 632, 88 So. 861) by the evidence and explanatory charge pursuant thereto. The same reasoning justified the giving of charge F at the request of contestant. It was the same as charge 6, dealt with in Keeble v. Underwood, 193 Ala. 582, 593,69 So. 473. The instant charge F properly referred the "belief" or "determination" of the jury to the evidence.
The giving of charges G, I, and O is challenged. The statements of law contained in said charges are supported by the authorities. Miller v. Whittington, 202 Ala. 406, 410,80 So. 499; McElhaney v. Jones, 197 Ala. 303, 312, 72 So. 531; Betz v. Lovell, 197 Ala. 239, 249, 72 So. 55; Cunninghame v. Herring, 195 Ala. 469, 472, 70 So. 148; Scarbrough v. Scarbrough, 185 Ala. 468, 64 So. 105; Jones v. Brooks, 184 Ala. 115, 118, 120, 63 So. 978; Mullen v. Johnson, 157 Ala. 262, 47 So. 584; McQueen v. Wilson,131 Ala. 606, 609, 611, 31 So. 94; Eastis v. Montgomery, 95 Ala. 486,11 So. 204, 36 Am. St. Rep. 227. The case of Johnson v. Johnson, 206 Ala. 523, 91 So. 260, is in line with the foregoing authorities, and did not militate against the giving of said charges requested by contestant. Coghill v. Kennedy, supra. The contingent interest in Mr. Lewis, after the death of Mattie Crutcher, was not so remote, uncertain, and indefinite as to make the burden of proof, or cast the burden of going forward with the evidence, as stated in said charges, on the other party.
Given charge N is challenged. It was justified in the giving by Brancroft v. Otis, 91 Ala. 279, 284, 288, 8 So. 286, 24 Am. St. Rep. 904; Lockridge v. Brown, 184 Ala. 106, 113,63 So. 524; Coghill v. Kennedy, 119 Ala. 641, 658, 665,24 So. 459; Higginbotham v. Higginbotham, 106 Ala. 314,17 So. 516.
Given charge R was in accord with the announcements contained in Schieffelin v. Schieffelin, 127 Ala. 14, 38, 28 So. 687, discussing a like charge, there numbered 70, using the words "did not have testamentary capacity." This case has not been overruled. The charge does not refer to the jury for decision a mere question of law. Tidwell v. State, 70 Ala. 33; Doe ex dem. Anniston City Land Co. v. Edmondson, 145 Ala. 557,40 So. 505; Barlow v. Hamilton, 151 Ala. 634, 44 So. 657; Jeffries v. Pitts, 200 Ala. 201, 75 So. 959.
The general charges requested by respondents (proponents) on the several grounds of contest were properly refused. The evidence was sufficient to warrant the submission to the jury. Howell v. Howell (Ala. Sup.) 98 So. 630;[1] McMillan v. Aiken,205 Ala. 35, 40, 88 So. 135.
The question of undue influence was sought to be eliminated or ignored in the request for refused charge 7, notwithstanding respondents' charge V, that "the burden of proof is on the contestant to reasonably satisfy you by the evidence that the execution of the will in question was procured by undue influence exerted on Mary Lewis Martin." The requested charge was, at least, confusing. There was no error in the refusal.
Charge 8, refused to respondents (proponents), is incomplete; the elements required under said issue are correctly indicated in given charge Z.
Respondents' charge 9 was properly refused. Miller v. Whittington, 202 Ala. 406, 412, 80 So. 499; Higginbotham v. Higginbotham, 106 Ala. 314, 318, 17 So. 516; Councill v. Mayhew, 172 Ala. 295, 55 So. 314.
Charge 12 is argumentative, and invades the province of the jury. Charge 13 ignored a ground of contest — that the will was procured by the undue influence charged. The testamentary capacity of testatrix was not the sole issue of fact submitted for the decision of the jury. Charge 15, ignoring the issue of testamentary capacity, was properly refused. These charges (12, 13, and 15) confused the issues being submitted to the jury under the two phases of the evidence.
Charge 18 omits the requirement that the testatrix knew, at the time the will was executed, the manner in which she wished to dispose of her property. Taylor v. Kelly, 31 Ala. 59, 72, 68 Am. Dec. 150; West v. Arrington, 200 Ala. 420, 421, 76 So. 352.
It was error to instruct the jury that they might not find the will was procured by *Page 415 
undue influence unless it "amounted to coercion orforce." (Italics supplied.) Miller v. Whittington, supra. The use of the word "force" was evidently a misprision for fraud. Mullen v. Johnson, 157 Ala. 262, 272, 47 So. 584; Gaither v. Phillips, 199 Ala. 689, 693, 75 So. 295.
There was no error in giving contestant's charges B and N. Gaither v. Phillips, supra. Charges C, K, and L are in accord with announcements contained in Coghill v. Kennedy, 119 Ala. 641,646, 24 So. 459; Leverett's Heirs v. Carlisle, Ex'r,19 Ala. 80. Charges D, E, and H are approved in Gaither v. Phillips, 199 Ala. 689, 692, 694, 75 So. 295, and Smith v. Smith, 174 Ala. 205, 56 So. 949. It was not error to give charges P and R — they did not submit a question of law. Schieffelin v. Schieffelin, 127 Ala. 14, 28, 29, 28 So. 687. And charge Q was held not to be error to give in Wear v. Wear,200 Ala. 345, 348, 76 So. 111.
Charge 11 was properly refused, as being incomplete and confusing. It failed to define the "other things" testatrix was required to know and appreciate in order that she might possess testamentary capacity. In Johnson v. Johnson, 206 Ala. 523,524, 526, 91 So. 260, 262, this court merely said, of an exception reserved to oral charge:
"The oral charge of the court, in defining mental capacity requisite to make a will and undue influence that avoids a will, employed the phrasing found in many decisions here. The oral charge was not subject to the criticisms taken by appellants."
The charge is not a full statement of what constitutes testamentary capacity. Testatrix must not only have mental capacity "to know the persons to whom she wished to will her property," but to "know and understand the nature and consequences of the business to be performed, and to discern the simple and obvious relation of its elements to each other," and to remember the property she is about to will. West v. Arrington, 200 Ala. 420, 76 So. 352; Councill v. Mayhew,172 Ala. 295, 55 So. 314; Watkins v. Yeatman, 189 Ala. 370,66 So. 707; Taylor v. Kelly, 31 Ala. 59, 68 Am. Dec. 150; Knox v. Knox, 95 Ala. 495, 11 So. 125, 36 Am. St. Rep. 235.
Under the evidence there was no error in refusing charges as to partial probate. The testatrix was a wife and mother, dealing with all of her properties, and devising and bequeathing the same to relatives, some of whom were more distant than the relation of husband and child. There was or not a valid disposition, as the case may be, and it was a question of fact for the jury. We are of the opinion that no error was committed.
We might not have considered these charges, since they were numerous and not indicated by numbers or letters to make them of ready access. It was required that we locate the charge from the brief to the assignment of error, then to the page of the transcript. However, we have tried to consider each charge to which specific objection and argument referred. Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am. St. Rep. 96; Southern Railway Co. v. Cofer, 149 Ala. 565, 43 So. 102; Weaver v. State, 1 Ala. App. 48, 55 So. 956; Mongomery, etc., Co. v. Leeth, 2 Ala. App. 324, 56 So. 770.
As to the many rulings on evidence, they have all been examined, and it is not deemed necessary to discuss each in detail. Appellants' counsel say:
"John T. Martin, the complainant in this case, was incompetent to testify as a witness, he being interested in the result of the suit, and a general objection was sufficient to raise the point. Walker v. Walker, 34 Ala. 472; McCrary v. Rash, 60 Ala. 374; Poarch v. State (Ala.App.) 95 So. 781."
The last authority cited is by the Court of Appeals, and the question for decision there was whether a proper predicate had been laid for the introduction of a confession of the defendant. And the decisions in Walker v. Walker's Executor,34 Ala. 469, 472, and McCrary's Adm'r v. Rash's Adm'r, 60 Ala. 374, are not apt, as we shall presently indicate. The general objection to the testimony of John T. Martin was not sufficient to challenge the testimony as detailing a transaction with or statement by the deceased, within the provisions of section 4007 of the Code of 1907. That statute has been recently construed. Kuykendall v. Edmondson, 205 Ala. 265, 87 So. 882; Darrow v. Darrow, 201. Ala. 477, 78 So. 383; Frederick v. Wilbourne, 198 Ala. 137, 73 So. 442; Henry v. Hall,106 Ala. 84, 17 So. 187, 54 Am. St. Rep. 22; Kumpe v. Coons,63 Ala. 448; Snider v. Burks, 84 Ala. 53, 57, 4 So. 225. The case of McCrary's Adm'r v. Rash's Adm'r, 60 Ala. 374, an action on a note for the price of slaves, is not in point, and Walker v. Walker's Executor (1859), 34 Ala. 469, has not since been cited on the question before us, for the reason that that decision was announced before the passage of the act of February 14, 1867, p. 435, § 1. This act was first codified as section 2704 of the Revised Code (1867), and was the genesis of section 4007 of the Code of 1907. It follows that John T. Martin was not disqualified as a witness under the statute.
The deputy clerk in a probate office has the authority given by statute. Gen. Acts 1915, p. 549; Hines v. Hines, 203 Ala. 633,84 So. 712. The entire record of the initial probate of said will was before the court, without objection to the question, though immaterial, "and made in the absence *Page 416 
of the judge himself," which was answered:
"Judge Stiles was not present in court at the very moment it was written; no, sir. I, as chief clerk, representing Judge Stiles, am here at all times, and have the custody of all papers."
The record then further recites this statement of the witness (Sam T. Huey):
"The bench notes were made by Judge Stiles himself, and also the proof of the will and taking of the affidavits of the witnesses; and also the order on the back was made by Judge Stiles. Mrs. Patton is what is designated as the minute clerk in my office."
No reversible error intervened.
Questions as to George Lewis Martin were offered as tending to show the attitude of his mother toward him, and called for relevant testimony. Under section 2 of the will, was this a natural provision to be made for a child, or were the circumstances such as to be given expression by a mother possessing testamentary capacity, or did a vitiating and undue influence intervene in the making of the will? Such inquiries cover a wider field than that of an ordinary litigation. Coghill v. Kennedy, 119 Ala. 660, 663, 664, 24 So. 459; Chandler v. Jost, 96 Ala. 596, 602, 11 So. 636; Kramer v. Weinert, 81 Ala. 414, 1 So. 26; Snodgrass v. Bank, 25 Ala. 161,174, 60 Am. Dec. 505. See, also, Schieffelin's Case,127 Ala. 14, 28 So. 687.
The illness of testatrix, and that of her family, the time, nature, and duration thereof, were subjects of inquiry under an issue of testamentary capacity. This evidence tended to show how and to what extent testatrix was affected thereby. Coghill v. Kennedy, 119 Ala. 641, 663, 24 So. 459.
The fact that testatrix did take her own life made pertinent her declarations relative thereto, and her threats to end her existence. Grand Lodge, etc., v. Wieting, 168 Ill. 408, 48, N.E. 59, 61 Am. St. Rep. 123, 126, 127; Karow v. Continental Ins. Co., 57 Wis. 56, 15 N.W. 27, 46 Am. Rep. 17, 18.
The family, social, and business relations of testatrix with her brother, the nature of the trust and confidence she reposed in him, were proper subjects of inquiry.
It was not error to permit complainant to show that, as husband of testatrix, he did not know of the existence of the will until after the death of the wife, and was then informed by his brother-in-law. It was material evidence, with other facts, under the issue of undue influence. Coghill v. Kennedy, supra.
The letter written contestant by testatrix immediately before taking her life, and two or three years after the date of the will, is not remote, when considered with the other evidence, as tending to show her physical and mental condition, and as affording a reasonable inference the jury might draw of the affection she had for him. This evidence was competent as tending to show whether the will was a natural or unnatural disposition of her property, or whether testatrix possessed testamentary capacity at the time the will was executed. Howell v. Howell, post, p. 429, 98 So. 630.
The feeling of resentment of the father (contestant) towards the son was beside the issues, and not permitted to be inquired about. However, the son's conduct and its effect on testatrix was competent.
The rule applied in Gibson v. Gaines, 198 Ala. 583, 73 So. 929, as to the introduction in rebuttal to immaterial evidence of like evidence, does not apply; and the alleged conversation between the father and son about the latter desiring testatrix to let him have the moneys given him "now," and the observations of the father to Mr. W. H. Lewis, at the time, that, if she gave or had left Lewis Martin the amount, "he wouldn't have it 60 days," were immaterial.
The circumstances of the death of Mrs. Martin and her letters in question were for consideration, with the other evidence, as tending or not to show her physical or mental condition when the will was made, and whether or not that condition was such as made her the subject of undue influence on the part of one she had trusted in health, or whether she possessed testamentary capacity.
There was no error in the introduction of the evidence of Dr. Waldrop, Dr. Edmundson, Mrs. Orr, Mrs. Fenwick, Mrs. Allen, Mrs. Marsh, Mrs. Watkins, Mrs. Lockhard, Mrs. Mayer et al. The proper predicates were laid for experts and nonexperts, and the rules of law obtaining as to this need not be repeated. Woodward Iron Co. v. Spencer, 194 Ala. 285, 291, 69 So. 902; Howell v. Howell, post, p. 429, 98 So. 630.
We have examined the several objections to the evidence of Edmundson, Mrs. Mayer, Mrs. Allen, Mrs. Orr, Mrs. Marsh, Mrs. Fenwick et al., and we find no reversible error. What Mrs. Orr testified testatrix stated to her of the interview with her brother about changing the will was pertinent and material under both issues of the contest. Coghill v. Kennedy, 119 Ala. 641,663, 24 So. 459.
The will bears date of February 11, 1918, and testatrix died December 29, 1921. One of proponents, testifying, was asked by his counsel: "What did Mr. Martin have to say about it (the will) at that time" (which was after the death of testatrix), and was not permitted to answer. There was no error. The rights of the parties were fixed, and such discussion was immaterial to the issue of testamentary capacity *Page 417 
or undue influence. There was no error in overruling proponents' objection to the question, on the cross-examination of Mr. Lewis: "Did you discuss this will with John T. Martin at any time from February, 1918, until Mrs. Martin's death?" and motion to exclude the answer, "Never." It was a slight circumstance elicited by a proper cross-examination, in the nature of an admission against interest, that was not error to have the jury consider under the issue of undue influence and evidence offered in support thereof.
Mr. Lewis, testifying, detailed his business relations with testatrix (made reference to a private transaction had by him with complainant), and said:
"Mr. Martin has testified here about a lot and the sale of it; he placed the lot, located at Wylam, Ala., in my hands for sale, and gave me a price to sell it for; I sold it for him for $150 more than he asked for it, turning the morning [money] over to him less $50, I think it was, that he owed me; he asked me to keep that back, and I took it out; that was money that he had borrowed from me prior to the sale. I did not charge Mr. Martin anything as commission on the sale. No part of that money came into this fund of Mrs. Martin's."
Under the rule declared in Bank of Phoenix City v. Taylor,196 Ala. 665, 72 So. 264, and Gibson v. Gaines, 198 Ala. 583,73 So. 929, there was no error in asking Mr. Martin (in rebuttal): "Did Mr. William H. Lewis give you the purchase money for the Wylam lot?" There was no error in admitting in evidence, over respondents' objection, the answer: "He never gave me the money." The bill of exceptions then recites:
 "Contestant closes.
"This was all of the testimony in this case.
"Thereupon the respondents offered to introduce in evidence the deposit slips in favor of John T. Martin, on February 14, 1912, showing the amount received for a lot, in Mr. Lewis's handwriting, and we offer in addition thereto Mr. Martin's checks and the account with the bank, showing this account closed out and settled.
"Thereupon the complainant objected to said introduction; the court sustained said objection, and to this action of the court the respondents there and then, in open court, duly reserved an exception."
A careful reading of the testimony of Mr. Martin fails to disclose testimony or a reference to a sale of the lot as stated by Mr. Lewis. In this last ruling on evidence there was no prejudicial error committed. Complainant did not first go into this field of irrelevant evidence. The respondents, having done so by reference, authorized the denial or reply. There must be an end to such immaterial inquiry, and there was no error in declining to permit the prolongation of the same by cumulative evidence afforded by the bank account or deposit slip showing such deposit to the account of Mr. Martin. Pertinent authorities on this character of evidence are 5 Jones on Ev. (2d Ed.) § 873; Bank of Phoenix City v. Taylor, 196 Ala. 665,669, 72 So. 264; Gibson v. Gaines, 198 Ala. 583, 590,73 So. 929; Ala. Fuel I. Co. v. Bush, 204 Ala. 658, 662,86 So. 541; F. W. Bromberg Co. v. Norton, 208 Ala. 117,119, 93 So. 837. If it be said the inquiry was whether Mr. Martin's moneys were carried into the bank account of the testatrix, the same should not be shown, since the source of title to properties sought to be devised or bequeathed by will is held to be an immaterial inquiry. Howell v. Howell (Ala. Sup.) 98 So. 630;[2] Winston v. Elliott, 169 Ala. 416,53 So. 750. Moreover, the record recites that the evidence was closed, and this reason would sustain the instant ruling of the court.
Exception was reserved to the whole of the oral charge. That charge, taken as a whole and in connection with the given charges, was free from error to reverse. The court had the right to state generally the respective theories of the parties and issues of fact, under the several grounds of contest and the evidence before the jury. The oral charge, as supplemented by many given charges defining testamentary capacity and undue influence that vitiates a will, was without error. It is insisted that the oral charge was insufficient and submitted questions of law to the jury. Such objection should have been made in the court below, and proper instructions requested to cover the questions of law thought to be necessary or not sufficiently defined or stated to the jury. Such are the rulings of this court, where the oral charge was misleading. T. C. I. R. R. Co. v. Williamson, 164 Ala. 54, 57, 51 So. 144; Towns v. State, 111 Ala. 1, 5, 20 So. 598.
Finding no error in the record, the decree of the circuit court in equity is affirmed.
Affirmed.
ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.
[1] Post, p. 429.
[2] Post, p 429.
 On Rehearing.